UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROSARIO J. DINDIO AND  )
MARY O. DINDIO         )         03 - 12425 NG
        PLAINTIFFS     )
                       )
VS                     )   CIVIL ACTION NO.
                       )
                       )   MAGISTRATE JUDGE _____
FIRST BABYLON, INC.,   )
d/b/a HOLIDAY INN      )
EXPRESS                )
        DEFENDANT      )


## COMPLAINT AND JURY DEMAND

### The Parties

1. The plaintiffs, Rosario J. Dindio and Mary O. Dindio, husband and wife, (hereinafter "Mr. and Mrs. Dindio"), are residents of East Dennis, Barnstable County, Massachusetts.

2. The defendant, First Babylon, Inc., doing business as Holiday Inn Express (hereinafter the "Inn"), is a duly organized corporation registered to conduct business in the State of New Mexico, with a principle address of 1504 E. Santa Fe Avenue, Grants, New Mexico 87020 and a principle place of business at 3202 Will Rogers Drive, Santa Rose, New Mexico and is in the business of offering lodging to the public.

### Jurisdiction

3. This Court has original jurisdiction pursuant to 28 U.S.C., §1332(a)(1) in that the plaintiff and the defendant are citizens of different states. Thus, diversity of citizenship exists.

4. The amount in controversy exceeds $75,000.00 based on the plaintiff's claim for serious personal injuries and loss of consortium resulting from a fall on defendant's premises and medical expenses incurred of over $125,000.00.

### Background

5. On or about January 26, 2001 the plaintiffs, Mr. and Mrs. Dindio, were driving across country to spend the winter in Arizona.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

6. The plaintiffs checked in as guests at the defendant Inn at 3203 Will Rogers Drive, Santa Rosa, New Mexico and stayed overnight on January 26 and 27, 2001.

7. There was a snow storm on Friday night January 26, and into January 27, 2001.

8. On Sunday morning, January 28, 2001 the weather was clear and the plaintiffs, Mr. and Mrs. Dindio, prepared to continue their trip.

9. Later that morning the plaintiff, Mr. Dindio, was in the front lobby prior to checking out with his wife.

10. The plaintiff, Mr. Dindio, left the lobby to go to his car.

11. The plaintiff, Mr. Dindio, went out the front door of the defendant Inn to a sidewalk which ran from the front entrance along the side of the Inn to where his car was parked.

12. The plaintiff, Mr. Dindio, exited the front door of the Inn and took one or two steps on the sidewalk when without warning, both feet slipped out from under him due to a dangerous condition of ice and snow causing him to fall.

13. The plaintiff, Mr. Dindio, fell hard, hitting his head on the sidewalk.

14. As a result of his fall on the defendant's premises the plaintiff, Mr. Dindio, suffered serious personal injuries including bilateral subdural hematomas which reoccurred, necessitating emergency medical airlifts to a critical care hospital on two occasions where he underwent two life threatening brain surgeries.

Count I
(Negligence)
(Mr. Dindio v. Inn)

15. The plaintiff, Mr. Dindio, repeats and realleges the allegations contained in paragraphs 1 through 14 of this complaint as if set forth fully herein.

16. The defendant, Inn, permitted an unreasonably dangerous and defective condition to exist on its premises, specifically an accumulation of ice and snow in an area of foreseeable foot traffic when it should have anticipated that physical harm would be caused to its invitees.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

17. The defendant, Inn, failed to take reasonable steps to protect invitees to its property from the unreasonably dangerous and defective condition by removing the ice and snow, by covering the ice and snow with sand or salt, by blocking foot traffic with suitable barriers from areas covered with ice and snow or by otherwise acting with reasonable care.

18. The defendant failed reasonably to warn invitees to its property of the unreasonably dangerous and defective condition.

19. The defendant's failure to exercise ordinary care to maintain its property or place of business in a reasonably safe condition is a negligent breach of the duty owed to its invitees, such as the plaintiff.

20. As a direct and proximate result of the negligence and breach of duty of the defendant, Inn, the plaintiff, Mr. Dindio, has suffered great pain of body and mind, was caused to be disabled, and has suffered and sustained serious and permanent personal injuries and has been caused and will incur medical and other expense for his injuries. The plaintiff's ability to enjoy life, earn income and attend to his usual activities and duties has been prevented or impaired all to his detriment and damage.

WHEREFORE, the plaintiff, Mr. Dindio, demands judgment against the defendant in an amount to be determined by the Court, together with interest, costs and any other relief this Court deems fair and just.

Count II
(Loss of Consortium)
(Mrs. Dindio v Inn)

21. The plaintiff, Mrs. Dindio repeats and realleges the allegations contained in paragraphs 1 through 20 of this complaint as if fully set forth herein.

22. As a direct and proximate cause of the negligence of the defendant, the plaintiff, Mrs. Dindio, has suffered the loss of her husband's society, companionship, affection, counsel, advice and spousal consortium.

WHEREFORE, the plaintiff, Mrs. Dindio, demands judgment against the defendant in an amount to be determined by the Court, together with interest, costs and any other relief this Court deems fair and just.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-3-

Count III
(Breach of Contract)
(Mr. Dindio v Inn)

23. The plaintiff, Mr. Dindio, repeats and realleges the allegations contained in paragraphs 1 through 22 of this complaint as if set forth fully herein.

24. The defendant, Inn, breached its contract with the plaintiff Mr. Dindio by failing to provide their hotel guest with a safe and habitable premises with safe access.

25. As a direct and proximate result of the breach of contract by the defendant Inn, the plaintiff, Mr. Dindio, has suffered great pain of body and mind, was caused to be disabled, and has suffered and sustained serious and permanent personal injuries and has been caused and will incur medical and other expense for his injuries. The plaintiff's ability to enjoy life, earn income and attend to his usual activities and duties has been prevented or impaired all to his detriment and damage

WHEREFORE, the plaintiff, Mr. Dindio, demands judgment against the defendant in an amount to be determined by the Court, together with interest, costs and any other relief this Court deems fair and just.

**THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES.**

Plaintiffs,

By their attorney,

_____
Pamela B. Marsh BBO#321540
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
P. O. Box 40
Yarmouthport, MA 02675-0040
(508) 362-6262

DATED: December 2, 2003

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-4-