UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 03-12425 NG

FILED IN CLERK'S OFFICE
2004 JAN 12
U.S. DISTRICT COURT
DISTRICT OF MASS.

ROSARIO J. DINDIO and MARY O. DINDIO,
   Plaintiffs,

v.

FIRST BABYLON, INC., d/b/a HOLIDAY INN EXPRESS,
   Defendants.

**JURY TRIAL DEMANDED**

### ANSWER OF FIRST BABYLON, INC. D/B/A HOLIDAY INN EXPRESS TO COMPLAINT

NOW COMES First Babylon, Inc. d/b/a Holiday Inn Express, and answers the complaint as follows:

1. Answering defendant is without information to form a belief as to the truth of the allegations contained in this paragraph of the complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

2. Admitted.

3. Denied as stated. It is admitted only that the plaintiff has alleged that this Court has subject matter jurisdiction based upon diversity of citizenship. The defendant denies that this Court has personal jurisdiction over the defendant.

4. Denied as stated. It is admitted only that the plaintiffs have alleged medical expenses in excess of $125,000.00. The defendant denies that the plaintiffs incurred such medical bills as a result of any act or omission by the answering defendant.

5. Answering defendant is without information to form a belief as to the truth of the allegations contained in this paragraph of the complaint, and accordingly, denies these

allegations and demands proof thereof at the time of trial.

6. Admitted. The defendant submits that the plaintiffs stayed the night of January 28, 2001 as well.

7. Admitted.

8. Denied.

9. Answering defendant is without information to form a belief as to the truth of the allegations contained in this paragraph of the complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

10. Answering defendant is without information to form a belief as to the truth of the allegations contained in this paragraph of the complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

11. Answering defendant is without information to form a belief as to the truth of the allegations contained in this paragraph of the complaint, and accordingly, denies these allegations and demands proof thereof at the time of trial.

12. Denied.

13. Denied.

14. Denied.

## COUNT I

15. Answering defendant re-avers it answers to paragraphs 1-14 as if set forth fully herein.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT II

21. Answering defendant re-avers it answers to paragraphs 1-20 as if set forth fully herein.

22. Denied.

## COUNT III

23. Answering defendant re-avers it answers to paragraphs 1-22 as if set forth fully herein.

24. Denied.

25. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The sole and proximate cause of the plaintiff's alleged injuries was the plaintiff's failure to exercise due care.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's injuries, if any, resulted from the negligence and/or intentional acts of a third person, which acts the defendant had no reason to anticipate and of which person the defendant had no knowledge, and over whom they had no control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was acting in violation of law, statute, regulation or ordinance, thereby barring recovery.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff's damages were caused by the plaintiff's own comparative negligence, and

accordingly, the plaintiff's action should be dismissed or his damages proportionally reduced in accordance with the provisions of M.G.L. c. 231B and/or the comparative negligence law of the State of New Mexico. See Scott v. Rizzo, 634 P.2d 1234 (N.M. 1981); Herrera v. Quality Pontiac, 2003 NMSC 18 (N.M. 2003).

### SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficiency of service of process.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of personal jurisdiction over the defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery because this action has not been brought within the time specified by the laws of this Commonwealth and/or the State of New Mexico.

### NINTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction based upon a failure of diversity of citizenship, and accordingly, the complaint should be dismissed as there is no federal question jurisdiction.

### TENTH AFFIRMATIVE DEFENSE

The defendant intends to add and rely upon such other and further defenses as may become apparent during the discovery process in this action, and reserves the right to amend its answer to assert such defenses.

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.

Respectfully Submitted,

FIRST BABYLON, INC. D/B/A HOLIDAY INN EXPRESS
BY ITS ATTORNEYS
COGAVIN AND WAYSTACK

1/9/04
Date

Mark A. Darling
B.B.O. #: 551285
Two Center Plaza
Boston, Massachusetts 02108
(617) 742-3340

CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on January 9, 2004, I served the within document by first class mail, postage prepaid, to the following:

Pamela B. Marsh, Esquire
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
PO Box 40
Yarmouthport, MA 02675-0040

Mark A. Darling