UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12425 NG

ROSARIO J. DINDIO and MARY O. DINDIO,
   Plaintiffs,

v.

FIRST BABYLON, INC., d/b/a HOLIDAY INN EXPRESS,
   Defendant.

**REQUEST FOR ORAL ARGUMENT**

### MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANT FIRST BABYLON, INC.'S MOTION TO DISMISS THE COMPLAINT

NOW COMES the defendant, First Babylon, Inc. d/b/a Holiday Inn Express [hereinafter "the Hotel"], and moves pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the claims asserted against it in the Complaint for lack of personal jurisdiction. In support of its motion the defendant states as follows:

### I. STATEMENT OF FACTS

On or about January 26, 2001, Rosario Dindio and Mary Dindio [hereinafter "the Plaintiffs"], were driving across country to spend the winter in Arizona.[1] That same evening there was an extremely unusual snowstorm which continued into January 27, 2001.[2] Due to the approaching storm, the Plaintiffs essentially got off at the next exit and checked into the Holiday

---

[1] See Complaint at ¶ 5.

[2] See Complaint at ¶ 7; see also Affidavit of Ila Patel in Support of Motion to Dismiss at ¶ 5.

Inn Express [hereinafter "the Hotel"] which is located at 3202 Will Rogers Drive, Santa Rosa, New Mexico[3] and stayed overnight on January 26 and 27, 2001.[4] "They were about one hundred miles from Albuquerque, New Mexico when they ran into a winter storm. Instead of driving through the storm they made the decision to get off the highway and spend the night at a Holiday Inn Express located just off the exit at Santa Rosa, New Mexico." See First Page of letter from plaintiff's counsel dated December 7, 2001 at ¶ 2 attached hereto as Exhibit 1.[5]

The vast majority of the Hotel's business is comprised of "walk-in" guests, such as the Plaintiffs, as it is located just off of Interstate 40 - the major highway that crosses New Mexico.[6] The Hotel does not solicit customers outside of New Mexico, but relies instead on its "walk-in" business. Prior to January 26, 2001, the Hotel had no contact with the Plaintiffs as they had not made a reservation prior to their arrival.[7] Indeed, it was completely fortuitous, and due to adverse weather conditions only, that the plaintiffs happened to stay at this hotel. The Hotel does no advertising in Massachusetts, does not send any marketing materials or solicitations to Massachusetts or have any other type of contact with Massachusetts.[8] The Hotel is owned by

---

[3] Santa Rosa is a small town of approximately 1800 residents located approximately 120 miles east of Albuquerque, New Mexico. See Affidavit of Ila Patel at ¶¶ 1 and 2.

[4] See Complaint at ¶ 6; see also Affidavit of Ila Patel at ¶ 3.

[5] While it appears that this letter was part of a demand for settlement, it is not being offered to defeat liability in derogation of Fed.R.Civ.P. 408, but to corroborate the factual assertions made by the defendant that there were no purposeful contacts between the parties outside of New Mexico, and that the only contacts between the parties were completely fortuitous, weather related and located only in New Mexico. See generally American Bridge Co. v. Providence Place Group Ltd. Partnership, 263 F.Supp.2d 330, 336 (D.R.I. 2003).

[6] See Affidavit of Ila Patel at ¶ 10.

[7] See Affidavit of Ila Patel at ¶¶ 3 and 4.

[8] See Affidavit of Ila Patel at ¶ 11.

First Babylon Corp., a closely held New Mexico corporation that also owns two other small hotels in western New Mexico; another Holiday Inn Express and a Days Inn.

On January 28, 2001, after the weather cleared, the plaintiffs were preparing to continue on their trip to Arizona when Rosario Dindio allegedly fell on the Hotel's premises and was injured.[9] Upon learning of Mr. Rosario's injury, Ila Patel, the Hotel's general manager, drove the Plaintiffs to and from the local hospital that same day.[10] The following morning, January 29, 2001, the Plaintiffs checked out of the Hotel.[11]

The Plaintiffs have brought suit in Massachusetts against the Hotel alleging various state-law torts including negligence, loss of consortium and breach of contract.

## II.  PERSONAL JURISDICTION STANDARD

"When jurisdiction is grounded in diversity of citizenship, a federal court applies the law of the forum state to resolve disputes." Gray v. O'Brien, 777 F.2d 864, 866 (1 Cir. 1985). Accordingly, the Court must inquire, (1) whether the Massachusetts long-arm statute[12] authorizes

---

[9] See Complaint at ¶¶ 8 and 13.

[10] See Affidavit of Ila Patel at ¶¶ 7 and 8.

[11] See Affidavit of Ila Patel at ¶ 9.

[12] A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in the Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from good used or consumed or services rendered, in this commonwealth.... M.G.L. c. 223A, §3.

the exercise of jurisdiction, and (2) whether the exercise of jurisdiction under the Massachusetts long-arm statute is consistent with the due process clause of the United States Constitution in that the exercise of personal jurisdiction over that defendant accords with "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, (1945), quoting from Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342 (1940).

The analysis of personal jurisdiction had traditionally been performed on two fronts. That is, the Court will first determine if the literal requirements of the forum state's long-arm statute have been met, and will then analyze whether or not the exercise of jurisdiction under the particular facts and circumstances would offend due process. Tatro v. Manor Care, Inc., 416 Mass. 763 (1994). However, since Massachusetts has held that its long-arm statute is interpreted to the broadest extent allowed under the Due Process clause, the real analysis lies in constitutional considerations. See generally Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik, 259 F.3rd 59 (1st Cir. 2002). In order to allow jurisdiction, the plaintiffs have the burden of satisfying three requirements: (1) the defendant had *purposeful*, minimum contacts with the forum; (2) the exercise of jurisdiction is reasonable under the circumstances and (3) the claims being made in the complaint are related to the defendant's contacts with the forum state. Id. at 63. In the instant case, the Plaintiffs' claim for personal jurisdiction fails on each of these three elements.

### III. ARGUMENT

#### A. THE PLAINTIFFS CANNOT DEMONSTRATE THAT THE DEFENDANT HAS PURPOSEFUL MINIMUM CONTACTS WITH MASSACHUSETTS

The Complaint fails to set forth any facts which would allow this Court to exercise

jurisdiction over the Hotel, a closely held New Mexico corporation. See generally United Elec. Workers v. 163 Pleasant Street Corp., 960 F.2d 1080, 1086 (1st Cir. 1992); American Express Int'l v. Mendez-Capellan, 889 F.2d 1175, 1178 (1st Cir. 1989); Heins v. Wilhelm Loh Wetzlar Optical, 26 Mass. App. Ct. 14, 28, 522 N.E.2d 989, 997 (1988). While the Complaint claims generally that the Hotel had contact with Massachusetts residents, it is devoid of any allegation that the Hotel had any contacts with Massachusetts, let alone any purposeful contacts. In accordance with Fed. R. Civ. P. 12 (b) (2), the plaintiff bears the burden of establishing facts upon which personal jurisdiction rests. See Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir.1998). The issue becomes "whether there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action." Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 7, 389 N.E.2d 76 (1979), See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

The purposeful availment requirement ensures that jurisdiction is not premised on "random, isolated or fortuitous" contacts with the forum state, Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir.1995). The two cornerstones of this requirement are voluntariness and forseeability. Ticketmaster-New York, Inc. v. Alioto, 26 F3d 201, 207 (1st Cir.1994). The voluntariness prong ensures that the defendant's contacts with the forum state are not based on the unilateral actions of another party or a third person. Nowak v. Tak How Inv., Ltd., 94 F.3d 708, 716 (1st Cir.1996) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). The foreseeability prong requires that "the defendant's contacts with the forum state must be such that he should reasonably anticipate being haled into court there." Id. (citing World-Wide Volkswagen Corp. v.

Woodson, 444 U.S. 286, 297 (1980)).

A key case on this point is <u>Nowak v. Tak How Investments, Ltd.</u>, 94 F.3d 708 (1996). In that decision, the plaintiff's Massachusetts-based employer made reservations for several employees, including the plaintiff and his wife, at a hotel in Hong Kong owned by the defendant. While a registered guest at the hotel, the plaintiff's wife drowned in the hotel swimming pool. <u>Id</u>. at 711. The reservations resulted from the defendant's solicitation of business and extensive back-and-forth communications with the plaintiff's employer in Massachusetts. <u>Id</u>. At 716. The key facts in that case were that the defendant hotel solicited by direct mail some of its previous guests residing in Massachusetts, and had direct, ongoing in-state communications with the plaintiff's employer. <u>Id</u>. at 717. The court held that even though the plaintiff's employer may have initially instigated the contact, the defendant's voluntary, on-going correspondence and relationship with the plaintiff's employer, designed to entice Massachusetts residents to Hong Kong, rendered foreseeable the possibility of being haled into a Massachusetts court. <u>Id</u>. at 718. See, e.g., <u>Sigros v. Walt Disney Word Co.</u>, 129 F.Supp.2d 56, 68 (D.Mass. 2001) (finding possibility of being haled into Massachusetts court foreseeable where Disney plainly reached into Massachusetts with unprompted solicitation and sought to entice Massachusetts residents to the leave the state and visit its facilities in Florida); <u>Mallon v. Walt Disney World Co.</u>, 42 F.Supp.2d 143, 145 (finding possibility of being haled into Massachusetts court foreseeable when a defendant systematically solicits Connecticut residents to travel to its Florida resort); <u>Tatro</u>, 416 Mass. at 763 (finding possibility of being haled into a Massachusetts court foreseeable when defendant solicited business in Massachusetts and accepted a reservation over the telephone from the plaintiff in Massachusetts).

Comparing the facts of those cases to the instant matter shows that the Hotel's contacts with the Plaintiffs were not voluntary because the Plaintiffs' unilateral decision led to their stay at the Hotel. As previously stated, the Plaintiffs, upon learning of the approaching snow storm, decided to get off at the next exit and checked into the Hotel until the storm passed. Unlike the plaintiffs in Nowak, Sigros, Mallon, and Tatro, the Plaintiffs in the this case had no prior reservation or contact with the hotel at which they stayed. Furthermore, the sole fact that the Plaintiffs are Massachusetts residents does not render foreseeable the possibility of the Hotel being sued in a Massachusetts court since there was no contact with the Plaintiffs until they were in New Mexico, literally at the front desk. Unlike the previously mentioned cases, the Hotel took no Massachusetts related action, such as direct advertising, in order to entice the Plaintiffs to leave Massachusetts to come and stay at their facility, but rather merely accommodated Massachusetts residents as they were passing through New Mexico.

It is well established that "in each case ... there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits of its laws." Hanson v. Denckla, 357 U.S. 235, 251-253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In the instant case, it cannot be said that the Hotel purposefully availed itself of the privileges of conducting activities within Massachusetts. Rather, as stated above, the defendants have had "random, isolated, or fortuitous" contacts with Massachusetts, which do not give rise to purposeful minimum contacts as required by the Massachusetts Long Arm Statute, and more importantly, by the Constitution. Sawtelle, 70 F.3rd at 1391.

In addition to failing to allege and demonstrate that the defendant had purposeful minimum contacts with Massachusetts, the Plaintiffs have also failed to allege and demonstrate

that the defendant's Massachusetts contacts are sufficiently related to the Plaintiffs' claims.

**B.   THE COMPLAINT FAILS TO SET FORTH SPECIFIC FACTS WHICH DEMONSTRATE THAT THE CLAIMS ASSERTED ARE RELATED TO THE DEFENDANTS CONTACTS WITH MASSACHUSETTS.**

"Specific jurisdiction requires a nexus between the claim and the defendant's in-state activities." Cambridge Literary Properties, 295 F. 3d at 63. "The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contacts between the defendant and the forum state." Sawtell, 70 F.3d at 1389.

At issue in the present case is whether the Hotel's interactions with the Plaintiffs constitute a purposeful establishment of minimum contacts with Massachusetts. While the Complaint alleges that the Hotel had contact with Massachusetts residents, it fails to set forth any conduct by the Hotel in Massachusetts which gives rise to the Plaintiffs' cause of action. There is not one allegation that the Hotel had any contact at all with the Plaintiffs while they were in Massachusetts. Moreover, as set forth in the affidavit of Ila Patel, the contacts between the Plaintiffs and the Hotel were limited to their happenstance meeting while in New Mexico as the result of an unusual snow storm. Similarly, in Clark v. City of St. Augustine, Florida, 977 F.Supp. 541 (D.Mass. 1997), the plaintiff, a Massachusetts resident, tripped an fell on a municipal sidewalk while sightseeing in St. Augustine, Florida. The court held that even though the city solicited tourism within Massachusetts, the relatedness requirement was not satisfied because, while in Massachusetts, the plaintiff had no contact or contract with the defendant City. Id. at 544. See, e.g., Nowak, 94 F.3d at 715 (relatedness satisfied by solicitation and extensive back-and-forth between plaintiff and defendant, a Hong Kong hotel); Sigros, 129 F.Supp.2d at

67-8 (relatedness satisfied by Disney's solicitation in Massachusetts which led the plaintiff to make reservations as well as communications between plaintiff and the defendant); Tatro, 416 Mass. at 771-72 (relatedness satisfied by persistent solicitation of the plaintiff and a specific contract between the plaintiff and the defendant, a California hotel).

Therefore, since the Hotel had no contact or contract with the Plaintiffs while they were in Massachusetts, the relatedness requirement cannot be satisfied in the instant case because the "basis for specific jurisdiction is that a defendant's Massachusetts contacts not only exist, but are sufficiently related to the events that make up the case." Cambridge Literary Properties, 295 F.3d at 64.

In addition to failing to allege and demonstrate the necessary predicates for this Court's assertion of long arm jurisdiction under M.G.L. c. 223A, the Plaintiffs have also failed to allege and demonstrate that application of the statute in this case does not offend Due Process.

### C. THE EXERCISE OF JURISDICTION OVER THE DEFENDANT IS UNFAIR AND UNREASONABLE, THEREFORE, IT WOULD RESULT IN THE DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT.

Under the Due Process clause of the Fourteenth Amendment, personal jurisdiction over the defendant would be unfair and unreasonable. The Due Process clause requires that the defendant have sufficient contacts with the forum state to assure that the assertion of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945), quoting from Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342 (1940).

As stated above, the extent of the contact at issue in this case consists solely of the

defendant renting one of its guest rooms to Massachusetts residents who happened upon the Hotel after they decided to get off the highway due to an approaching snow storm. The Court must consider whether requiring the Hotel to defend itself in Massachusetts comports with due process. In the instant case, the Hotel neither solicits or otherwise advertises for business in Massachusetts, nor does it have any contact with the Plaintiffs while they were in Massachusetts. The Hotel's fortuitous contact with the Plaintiffs in New Mexico did not afford notice that it might be required to defend an action brought in Massachusetts, and therefore, the assertion of jurisdiction over the Hotel would offend traditional notions of fair play and substantial justice.

In furtherance of the due process inquiry, courts have developed a series of "gestalt factors" that take into account the fairness of subjecting a nonresident to a foreign tribunal. Burger King v. Rodzewicz, 471 U.S. 462, 477 (1985). These factors include:

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

These factors are only considered if minimum contacts have already been established – a burden the Plaintiffs are unable to meet. Nonetheless, it is worthwhile to consider their impact on the instant case as the weaker the plaintiff's showing on relatedness and purposeful availment, the less a defendant need show in terms of unreasonableness to defeat jurisdiction. Ticketmaster, 26 F.3d at 210.

It would certainly be a burden for the Hotel's employees in New Mexico to appear in Massachusetts for trial; however, this factor requires a showing of a special or unusual burden. Sawtelle, 70 F.3d at 1395. The corporation is a family owned, closely held small business.

-10-

Requiring its few principals to defend in Massachusetts would cause undue hardship to its normal operations. Secondly, although it is true that a forum state has an interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders, Massachusetts has a far less compelling interest in the prosecution of a suit stemming from an injury that occurred outside its borders. See Clark, 977 F.Supp. at 544. Since the Plaintiffs have failed to set forth any significant events which would arguably give Massachusetts an interest in the case, this factor cuts against jurisdiction. The most effective resolution of the controversy appears to be in New Mexico, the law of which will apply, where the accident took place and where any witnesses, other than the plaintiffs, reside. See Clark 977 F.Supp. at 544. Finally, Massachusetts has an interest in providing its citizens with a convenient forum in which to bring their claims, while on the other hand, New Mexico has an interest in protecting visitors, in protecting its businesses and providing all parties with a convenient forum. See Id.

Since the Plaintiffs have failed to satisfy both the purposeful availment and relatedness prongs of the due process inquiry and their position is not sufficiently strengthened by the gestalt factors, the exercise of jurisdiction over the Hotel violated Due Process.

### D. THE COMPLAINT FAILS TO SET FORTH SPECIFIC FACTS WHICH DEMONSTRATE THAT THE EXERCISE OF GENERAL JURISDICTION OVER THE DEFENDANT IS PROPER

The Plaintiffs' Complaint offers no facts which would show a continuous and systematic presence in Massachusetts by the Hotel. Without such a showing, the Plaintiffs cannot demonstrate the existence of general jurisdiction over the defendant in Massachusetts. The Hotel's tenuous contacts with Massachusetts as set forth, supra, cannot be deemed "continuous and systematic" by any stretch of the imagination. The test for general jurisdiction is *more*

*stringent* than the test for specific jurisdiction. Glater v. Eli Lilly & Co., 744 F.2d 213, 216 (1st Cir. 1984). The key Supreme Court case for this analysis is Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984). In that decision, the plaintiffs were residents of Texas and filed suit there against Helicol, a Colombian corporation, arising from a helicopter crash Id. at 410-12. The facts in that case included Helicol's chief executive taking a trip to Texas for the purpose of negotiating a contract, acceptance of checks drawn on Texas banks, and the purchase of parts from a Texas company for 80% of its fleet for substantial sums of money. In addition, Helicol sent pilots, management, and maintenance personnel to Texas for training in relation to its purchases of the helicopters and equipment. Id. at 416-18. Despite these significant contacts and the exchange of large sums of money in the forum state, the Supreme Court nonetheless held that these were not "continuous and systematic" contacts and were insufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment. Id. at 418-19.

Similarly, in Glater v. Eli Lilly, 744 F. 2d. 213 (1984), the First Circuit held that an out-of-state defendant's activities in the forum state were insufficient to support the exercise of general jurisdiction where the defendant advertised in New Hampshire, employed eight sales representatives in New Hampshire to distribute information and sold products to distributors in the forum. See also Noonan v. Winston Co., 135 F.3d 85 (1998) where a two year business relationship between an out-of-state seller and the forum state was insufficient to authorize general jurisdiction despite the fact that the defendant solicited business in the forum state, its employees traveled to the forum state and received approximately $585,000 in orders. Noonan v. Winston Co., 135 F.3d 85 (1998). Comparing the facts of those cases to the instant matter

shows that any exercise of general jurisdiction over the Hotel would indisputably offend the Constitution.

IV. **CONCLUSION**

For these reasons, the defendant respectfully requests that this court dismiss the plaintiff's Complaint for lack of jurisdiction.

Respectfully Submitted,

FIRST BABYLON, INC. D/B/A HOLIDAY INN EXPRESS
BY ITS ATTORNEYS
COGAVIN AND WAYSTACK

2/9/04
Date

_____
Mark A. Darling, B.B.O. #: 551285
Kathleen M. Hansberry, B.B.O. #: 655830
Two Center Plaza
Boston, Massachusetts 02108
(617) 742-3340