UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROSARIO J. DINDIO AND )
MARY O. DINDIO )
    PLAINTIFFS )
)
VS )    CIVIL ACTION NO.  03-12425 NG
)
FIRST BABYLON, INC., )
d/b/a HOLIDAY INN )
EXPRESS )
    DEFENDANT )

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS THE COMPLAINT AND
MEMORANDUM IN SUPPORT THEREOF

Now come the plaintiffs, Rosario J. Dindio and Mary O. Dindio, and oppose the defendant's, First Babylon, Inc. d/b/a Holiday Inn Express, Motion to Dismiss the Complaint for lack of jurisdiction pursuant to Fed.R.Civ.P. 12 (b)(2) and as reasons therefor say that: (1) Plaintiffs in good faith believed when the complaint was filed and still believe that personal jurisdiction exists over the defendant; (2) said Motion to Dismiss is untimely as it was not made before the answer was filed as required by Fed.R.Civ.P. 12(b); (3) the decision on this motion should be held in abeyance to enable the plaintiffs to employ discovery on the jurisdictional issue which might lead to a more accurate judgment than one made solely on the basis of an affidavit; and (4) the defendant's motion turns on the resolution of factual issues involving personal jurisdiction which the Court need not resolve as the plaintiffs have filed a Motion to Transfer this case to another Federal Court District

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

Case 1:03-cv-12425-NG    Document 10    Filed 02/23/2004    Page 2 of 14

pursuant to 28 U.S.C. §1406(a).

In support of their opposition the plaintiffs direct the Court to the memorandum of reasons that follows and the affidavit of their counsel filed herewith.

### Memorandum of Reasons

Every defense to a claim for relief in any pleading, "shall be asserted in the responsive pleading thereto if one is required", except that a number of specific defenses including lack of jurisdiction over the person may at the option of the pleader be made by motion. Rule 12(b), Fed.R.Civ.P. makes it clear that, "A motion making any of these defenses <u>shall</u> be made before pleading if a further pleading is permitted." (emphasis added). Thus, as in this case, when a defense of lack of personal jurisdiction is to be asserted by motion, it must be made before the answer is served. See <u>Wright & Miller</u>, Federal Practice and Procedure: Civil 2a §1351; <u>Fisher v. Nat. Bank of Omaha</u>, 338 F. Supp. 525 (D. Iowa 1972).

In the present case, the complaint was filed on December 2, 2003, the defendant was served by Deputy Sheriff on December 21, 2003 and the answer was filed on January 9, 2004. Defendant set forth a lack of personal jurisdiction as the seventh of ten standard affirmative defenses but filed no motion to dismiss on those grounds until a month later on February 9, 2004.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-2-

The Statute of Limitations for this action involving personal injury that occurred in New Mexico is three years, the same as the Massachusetts statute, and expired on January 28, 2004. N.M. Stat. Ann. §37-1-8.

It was not until Monday, February 2, 2004, three business days following the expiration of the Statute of Limitations, that counsel for the defendant first called plaintiffs' counsel, ostensibly to conduct a Local Rule 7.1(A)(2) conference to resolve or narrow the issues, and first indicated his intent to file a Motion to Dismiss on lack of personal jurisdiction grounds. See Affidavit of Plaintiff's Counsel, paragraphs 11 and 12.

The proper procedural route for the defendant to have followed in this case would have been the filing of a motion to dismiss pursuant to Rule 12 prior to the answer and if such motion was denied or postponed until trial of the merits by the Court, to file the answer after notice of the Court's action, including lack of personal jurisdiction as a defense.

If the defendant had filed the Motion to Dismiss in a timely manner, on or before January 9, 2004, the plaintiffs would have been alerted to the jurisdictional challenge and would have had the option of refiling the complaint in the Federal District of New Mexico before their action was time barred.

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-3-

Case 1:03-cv-12425-NG    Document 10    Filed 02/23/2004    Page 6 of 14

In order for the Court to properly act on a motion to dismiss for lack of personal jurisdiction and for the plaintiffs to meet their burden, the Court may hold in abeyance a decision on a motion to enable the parties to conduct discovery on the jurisdictional issue. See <u>Thompson Trading Ltd. v. Allied Lyons PLC</u>, 123 F.R.D. 417 (D.R.I. 1989; <u>Nett. Athletic Lettering Co. v. Walters</u>, 517 F. Supp. 1073 (D. Ohio 1981); <u>Surpitski v. Hughes-Kennan Corp.</u>, 362 F.2d 254 (1st Cir. 1966) (case involving foreign corporation where plaintiff was granted the benefit of discovery and not required to try the issue of jurisdiction on affidavits alone); <u>Lemme v. Wine of Japan Import, Inc.</u>, 631 F.Supp. 456 (D. N.Y. 1988)

Not only might discovery on the issue of personal jurisdiction lead to a more accurate judgment in this case, where the Statute of Limitations has run and the motion is dispositive, every opportunity should be given to the plaintiffs to establish sufficient evidence of jurisdiction.

In this case, the defendant is a New Mexico corporation doing business in the name of a nationally recognized hotel chain with Inns located across the country and which advertises nationally through an interactive website. The website includes pictures of and information on the defendant, Inn, and allows an individual to make reservations on line.

The defendant's sparse affidavit which merely denies any corporate advertising or marketing in Massachusetts neglects to

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-4-

mention the website and other advertising and marketing that may be conducted on its behalf by its national licensor or franchisor. The plaintiff should be able to conduct further discovery through interrogatories, requests for document production and depositions, if necessary, to establish whether the defendant does in fact have the necessary minimum contacts with the Commonwealth of Massachusetts to allow this court to exercise either specific or general jurisdiction over the defendant. See <u>Phillips Exeter Academy v. Howard Phillips Fund</u>, 196 F.2d 284 (1st Cir. 1999)(defendant who has maintained continuous and systematic linkage with forum state brings himself within general jurisdiction of that state's courts in respect to all matters even those that are unrelated to defendant's contacts with the forum); <u>Szafarowics v. Gotterup</u>, 68 F.Supp. 2d 38 (D. Mass. 1999) (significant amount of business derived from marketing efforts is enough to satisfy minimum contacts standard and warrant general jurisdiction); <u>Clark v. City of St. Augustine, Florida</u>, 977 F. Supp. 541 (D. Mass. 1997) (injury sustained by Massachusetts resident in fall on sidewalk while vacationing "arose from" extensive advertising by city in Massachusetts).

As an alternative to a ruling on this Motion to dismiss by the Court, the plaintiffs have filed a Motion to Transfer this action to the Federal District Court of New Mexico pursuant to 28 U.S.C. §1406(a) which states:

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

Case 1:03-cv-12425-NG   Document 10   Filed 02/23/2004   Page 10 of 14

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This Court can properly examine the question of transfer without reaching or deciding the issue of whether it has personal jurisdiction over the defendant. <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 82 S.Ct. 913 (1962). <u>Papercraft Corp. v. Proctor & Gamble Co.</u>, (D. Pa. 1977) 429 F. Supp. 1060.

In the case of <u>Johnson Creative Arts, Inc. v. Wool Masters, Inc.</u>, 573 F. Supp. 1106 (D. Mass. 1983) a Delaware corporation brought suit against a New York corporation, its two shareholders and others alleging trademark violations, unfair competition and breach of contract. The defendant corporation and its two shareholders brought a motion to dismiss the action on grounds of lack of personal jurisdiction and improper venue. The defendants did not file a motion to transfer pursuant to 28 U.S.C. §1460(a).

The Court dismissed against one defendant for lack of personal jurisdiction and against two others for improper venue. However, the Court citing, <u>Goldlawr</u>, ruled it had authority to transfer the action even lacking personal jurisdiction and proper venue. The Court held the dismissals to be without prejudice for thirty days to allow the plaintiff to move for a transfer of the action to the Southern District of New York. <u>Johnson Creative Arts, Inc.</u>, at 573 F. Supp. at 1115.

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-6-

Case 1:03-cv-12425-NG    Document 10    Filed 02/23/2004    Page 12 of 14

## CONCLUSION

The plaintiffs respectfully request the Court to transfer this action to the Federal District Court of New Mexico pursuant to its authority under 28 U.S.C. §1406(a) for the reasons set forth in plaintiffs' Motion to Transfer, Memorandum in Support and Affidavit of Plaintiffs' Counsel, filed herewith.

In the alternative, the plaintiffs respectfully request the Court to deny the defendant's Motion to Dismiss as untimely, and to allow discovery to take place of the issue of personal jurisdiction.

## REQUEST FOR ORAL ARGUMENT

The plaintiffs request oral argument on the defendant's Motion to Dismiss and their opposition.

Plaintiffs,

By their attorney,

Pamela B. Marsh BBO#321540
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
P. O. Box 40
Yarmouthport, MA 02675-0040
(508) 362-6262

DATED: February 23, 2004

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362 6262
FACSIMILE 508/362-6060

-7-