UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROSARIO J. DINDIO AND )
MARY O. DINDIO        )
          PLAINTIFFS  )
                      )
VS                    )        CIVIL ACTION NO.   03-12425 NG
                      )
FIRST BABYLON, INC.,  )
d/b/a HOLIDAY INN     )
EXPRESS               )
          DEFENDANT   )

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THEIR MOTION TO TRANSFER

The plaintiffs, Rosario J. Dindio and Mary O. Dindio
(hereinafter "Mr. and Mrs. Dindio" and "the plaintiffs"), have
brought a motion pursuant to 28 U.S.C. §1406(a) to transfer this
action from the Federal District Court of Massachusetts to the
Federal District Court of New Mexico, a district in which it
could have been brought as it is in the interest of justice for
the Court to do so.  In support of their motion the plaintiffs
state as follows:

I.   Statement of the Facts

On January 28, 2001, Mr. and Mrs. Dindio, residents of
Massachusetts, had been guests for several days at the
defendant, Holiday Inn Express, owned by First Babylon, Inc. a
New Mexico corporation located in Santa Rosa, New Mexico.  Just
prior to checking out Mr. Dindio slipped and fell on a dangerous
and defective condition within several feet from the Inn's front
entrance consisting of ice and snow.  There was no sand or salt
where he fell even though the defendant has alleged that other

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

areas were so treated, nor did the defendant warn of the hazardous condition. As a result of the fall, Mr. Dindio sustained a blow to his head which resulted in subdural hematomas necessitating two emergency airlifts to the nearest trauma center where he underwent two successive brain surgeries and incurred over $125,000.00 in medical expenses and consequential damages. See Complaint, paragraphs 1-14 and Affidavit of Plaintiffs' Counsel, paragraphs 4 and 5.

On December 2, 2003 a complaint was filed by the Dindio's in this district alleging negligence by the defendant. Both before and after filing the complaint, plaintiffs' counsel was in touch with the defendant's insurer and had ongoing discussions on liability, damages and settlement with several claims representatives. See Affidavit of Plaintiffs' Counsel, paragraphs 3 and 7.

The complaint was served on the defendant corporation by a Deputy Sheriff in New Mexico on December 21, 2003 and an answer was filed on January 9, 2004. The seventh of ten standard affirmative defenses alleged a lack of personal jurisdiction. See Affidavit of Plaintiffs' Counsel, paragraphs 8 and 9.

On January 28, 2004 the Statute of Limitations for negligence actions ran. See N.M. Stat. Ann. §37-1-8. Three business days after the statute ran defense counsel called plaintiffs' counsel to meet his obligations under L.R.Mass., 7.1(2) and informed counsel that the defendant would be filing a motion to dismiss the case for lack of personal jurisdiction.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-2-

See Affidavit of Plaintiffs' Counsel, paragraphs 11 and 12.

Plaintiffs' counsel had one further telephone conversation with defendant's claims representative and defense counsel concerning the Statute of Limitations issue and plaintiffs' intention to file a Motion to Transfer under 28 U.S.C. §1406(a). On February 11, 2004 defense counsel conveyed in writing the defendant's intent to oppose plaintiffs' transfer motion. See Affidavit of Plaintiffs' Counsel, paragraphs 18-22.

## II.   ARGUMENT

This is a claim for serious personal injuries and loss of consortium based on negligence brought by the plaintiffs, Mr. and Mrs. Dindio, who are Massachusetts residents against the defendant New Mexico corporation, doing business as "Holiday Inn Express," a name recognized nationally since the founding of the chain in the 1950's.  The current inns take their reputation from "the iconic chain of wholesome roadside lodging that took its name, appropriately enough, from a Bing Crosby movie".  See Article, "Birth of a Vacation", Kemmons Wilson, New York Times Magazine 12/28/03.

Under New Mexico law a landowner has a duty to warn or protect a business invitee when an unreasonably dangerous condition exists, including conditions of ice and snow, and the landowner breaches his duty of care by failing to inspect and either remove or warn of the dangerous condition.  Proctor v. Waxter, 84 N.M. 361, 503 P.2d 644 (1972).

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-3-

The Federal District Court has diversity of jurisdiction in this case pursuant to 28 U.S.C. §1332(a)(1) as the parties are "citizen of different states" and as the amount in controversy clearly exceeds $75,000.00.

The defendant has filed a motion to dismiss the case for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed.R.Civ.P. on the alleged grounds of insufficient minimum contacts, lack of specific or general jurisdiction and a denial of due process.

The plaintiffs in a separate memorandum have opposed the defendant's Motion to Dismiss but have requested the court to take no action on that motion and to rule instead on plaintiffs' Motion to Transfer under 28 U.S.C. §1496(a) which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Section 1406(a) provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in a district court where the action was originally brought, and that defect may be either improper venue or lack of personal jurisdiction. Martin v. Stockes, 623 F.2d 468 (6th Cir. 1980).

In 1962 the Supreme Court in Goldlawr, Inc. v. Heimen et. al., 369 U.S. 463, 464, 83 S.Ct. 913, held that Section 1406(a) authorized the transfer of a case to any district or division in which it could have been brought, however wrong the plaintiff

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675 0040
508/362-6262
FACSIMILE 508/362-6060

-4-

may have been in filing the case as to venue and regardless of whether or not the court in which it was filed had personal jurisdiction.

Goldlawr, Inc. was a private antitrust action for treble damages and relief under the Sherman and Clayton Acts brought by the petitioner against a number of defendants in the United States District Court for the Eastern District of Pennsylvania. After hearings on a motion to dismiss the action on grounds of improper venue and lack of personal jurisdiction over the defendants, the Pennsylvania District Court agreed that venue was improperly laid as two of the corporate defendants were neither inhabitants of or "found" in nor were they transacting business in Pennsylvania.

The court refused to dismiss the action as to these defendants, choosing instead to use its authority under 28 U.S.C. §1406(a) to transfer the case to the Southern District of New York where the defendants could be found and transacted business. The two corporate defendants then appeared in New York District Court and moved to have the case dismissed in that court on the ground that the Pennsylvania District Court had not had personal jurisdiction over them and lacking such jurisdiction did not have the power under §1406(a) to make the transfer. The New York Court granted the motion and the Court of Appeals for the Second Circuit affirmed. Because the decision presented a conflict with the uniform course of decisions previously made on this same question certiorari was

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

granted.  <u>Goldlawr, Inc.</u>, 369 U.S. at 464.

Justice Black in his opinion overturning the lower court found nothing in the language of the statute or legislative history which intended to limit it to actions to which the transferring court had personal jurisdiction over the defendant. He emphasized that the "problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn."  <u>Goldlawr, Inc.</u>, 369 U.S. at 466.

Justice Black found the <u>Goldlawr</u> case to be a typical example of the problem sought to be avoided as:

> dismissal would have resulted in plaintiffs' losing a substantial part of its cause of action under the Statute of Limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they transact ... business in the Eastern District of Pennsylvania.  <u>Goldlawr, Inc.</u>, 369 U.S. at 466.

In this case, the Statute of Limitations, a three-year statute in both New Mexico and Massachusetts, ran on January 28, 2004 approximately two months after the case was filed and before the defendant filed its motion to dismiss for lack of personal jurisdiction.  It appears from plaintiffs' counsel's conversations with the defendant's claim representative that the delay in filing the motion until a month after the answer may have been deliberate, although this is denied by defendant's counsel.  See Affidavit of Plaintiffs' Counsel, paragraphs 11-

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362 6060

-6-

19.

Section 1406(a) has been used in multiple cases where personal jurisdiction over the defendant was wanting and the plaintiff faced a loss of his cause of action due to the operation of the applicable statute of limitations.  See <u>Taylor v. Love</u>, 415 F.2d 1118 (6th Cir. 1969), cert. denied, 397 U.S. 1023, 90 S.Ct. 1257, 25 L.Ed. 2d 533 (1970); <u>Mayo Clinic v. Kaiser</u>, 383 F.2d 653 (8th Cir. 1967); <u>Dubin v. United States</u>, 380 F.2d 813 (5th Cir. 1967); <u>Janus v. J.M. Barbe Co.</u>, 57 F.R.D. 539 (N.D. Ohio 1972); <u>Robinson v. Carroll</u>, 318 F. Supp. 527 (M.D.N.C. 1970); <u>Ferguson v. Kwik-Chek</u>, 308 F. Supp. 78 (D.C. V.I. 1970); <u>Teets v. Hawker</u>, 278 F. Supp. 834 (N.D. W.Va. 1968); <u>Rozell v. Kaye</u>, 276 F. Supp. 392 (S.D. Tex. 1967); <u>Peoples Bank & Trust Co. v. Rue</u>, 210 F.Supp. 952 (N.D. Iowa 1962). <u>Contra</u>, <u>Selsby v. Vecchione</u>, 216 F. Supp. 207 (S.D. N.Y. 1963); <u>Corke v. Someret M.S. Song of Norway</u>, 572 F.2d 77 (2nd Cir. 1978); See also in contrast, <u>Mulcahy v. Guertier</u>, 416 F. Supp. 1083 (D. Mass. 1976) where transfer was denied as nearly a year remained before the expiration of North Carolina's Statute of Limitations for wrongful death and the moving party furnished no reasons to establish that the convenience of the parties, and of the witnesses, as well as the interests of justice would be better served by the transferee court.

In addition to avoiding a Statute of Limitations problem, transferring this case to New Mexico is in the interests of justice as the transfer would result in no harm with respect to

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-7-

the defendant's position on the merits and would in fact be more convenient as the defendant is "found" in New Mexico, the Inn where the incident occurred is located in the State and most if not all potential witnesses other than the plaintiffs are residents of that state. See <u>Bethlehem Steel Corp. v. Tishman Rlly & Co., Inc.</u>, 404 F. Supp. 1285 (S.D. N.Y. 1975). In fact, the only inconvenience would involve the plaintiffs who have made the transfer request.

The few cases in this district where a motion to transfer under §1406(a) has been denied involved instances where the Court felt that an abuse of the judicial system would result. See <u>Pedzewick v. Foe</u>, 963 F. Supp. 48 (D. Mass. 1997)(a personal injury case arising from an out-of-state motor vehicle accident involving private individuals where the action was commenced on the last day of the Statute of Limitations and the Court's denial emphasized the problem with stale claims and the lack of good faith belief that personal jurisdiction existed); <u>Hall v. Rubin</u>, 240 F. Supp. 48 (D. Mass. 1965) (an uncontradicted affidavit filed by the defense attorney indicated that on the day before the action was filed the defense attorney informed the plaintiffs' attorney that the defendant was not doing business in Massachusetts or residing there).

It is clear that the Court does have the power to transfer this diversity personal injury action under 28 U.S.C. §1406(a) to another district court even if it lacks personal jurisdiction over the defendant and without even reaching the issue of

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-8-

whether or not it has such jurisdiction. <u>Goldlawr</u>, <u>supra</u>; see also <u>Papercraft Corp. v. Proctor & Gamble Co.</u>, 439 F. Supp. 1060 (D.C. Pa. 1977).

### III. CONCLUSION

The plaintiffs, Mr. and Mrs. Dindio, have met their burden of proving the requested transfer is in the interests of justice as the Statute of Limitations for negligence actions has expired since the case was filed in Massachusetts. In addition, there is no prejudice to the defendant as a transfer to New Mexico where the defendant's hotel is located and where it does business is the site of the incident and is the most convenient place for the defendant to facilitate discovery, present evidence, and to subpoena local witnesses.

The plaintiffs respectfully request the Court to transfer this case to New Mexico which will allow the plaintiffs to acquire clear personal jurisdiction over the defendant and to pursue their claim on the merits. Dismissal would be fatal to the cause of action.

Plaintiffs,
By their attorney,

Pamela B. Marsh BBO#321540
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
P. O. Box 40
Yarmouthport, MA 02675-0040
(508) 362-6262

DATED:    February 23, 2004

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362 6262
FACSIMILE 508/362 6060