UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROSARIO J. DINDIO AND )
MARY O. DINDIO )
      PLAINTIFFS )
)
VS ) CIVIL ACTION NO. 03-12425 NG
)
FIRST BABYLON, INC., )
d/b/a HOLIDAY INN )
EXPRESS )
      DEFENDANT )

AFFIDAVIT OF PAMELA B. MARSH IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS AND
IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER

I, Pamela B. Marsh, on oath depose and say as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and before the Federal District Court of Massachusetts.

2. I represent the plaintiffs, Rosario J. Dindio and Mary O. Dindio (hereinafter Mr. and Mrs. Dindio), in the above-captioned case.

3. I filed a complaint in the United States District Court, District of Massachusetts on December 2, 2003 arising out of a slip and fall by Mr. Dindio while a guest of the defendant, First Babylon, Inc., d/b/a Holiday Inn Express located in Santa Rosa, New Mexico.

4. The accident occurred on or about January 28, 2001 when it is alleged that Mr. Dindio fell on a unreasonably dangerous and defective condition within a few feet of the front entrance to the Inn consisting of ice and snow, without

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

Case 1:03-cv-12425-NG    Document 13    Filed 02/23/2004    Page 2 of 10

sand or salt and without warning by the Inn of such dangerous condition.

5. As a result of the fall it is alleged that Mr. Dindio suffered subdural hematomas which resulted in two different emergency med flights to the nearest trauma center where he underwent successive brain surgeries and incurred over $125,000.00 in medical bills and other consequential damages.

6. The case was filed in Federal Court in Massachusetts based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) as the Dindios were and are residents of Massachusetts and the Holiday Inn Express, though located in New Mexico and owned by a New Mexico corporation, operates as a national chain. The amount in controversy exceeds $75,000.00.

7. Both prior to filing the lawsuit and since the filing I have been in touch through correspondence and telephone calls with three claims representatives for the defendant's insurer. The communications have included discussions on liability, damages and settlement.

8. On December 21, 2003 the summons was served on the defendant by Deputy Sheriff.

9. The answer was filed on January 9, 2004. The seventh of ten standard affirmative defenses alleged a lack of personal jurisdiction.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-2-

Case 1:03-cv-12425-NG    Document 13    Filed 02/23/2004    Page 4 of 10

10. On January 28, 2004, the three year Statute of Limitations for negligence actions, the same in both New Mexico and Massachusetts, ran. N.M. Stat. Ann. §37-1-8.

11. On Monday, February 2, 2004, three business days after the Statute of Limitations ran, I received a telephone call message from defense counsel which I returned on February 3, 2004.

12. Defense counsel advised me that he had called pursuant to LR, D. Mass.,7.1(2) to inform me that he would be filing a motion to dismiss the case for lack of personal jurisdiction. We also discussed briefly my ongoing settlement discussions with his claims representative.

13. On February 4, 2004 I called the claims representative in response to his letter of December 22, 2003 concerning settlement negotiations.

14. On February 5, 2004, the claims representative called me back. There was a significant change in his tone as he made clear in a threatening manner that he felt there was no further need to discuss settlement as the case was going to be dismissed by the Court.

15. I responded that the sequence of events, including defense counsel's failure to file the motion to dismiss initially and waiting until just after the statute ran to alert me of his intent to file late, appeared to me to have been a purposeful course of conduct on their part.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-3-

16. The claims representative was silent in response to my charge.

17. On February 9, 2004, a month after the answer had been filed, I received a faxed copy of Defendant's Motion to Dismiss.

18. The next day, on February 10, 2004, I received a telephone call from defense counsel. He raised the issue of my having charged them with misleading the plaintiffs by waiting for the Statute of Limitations to run before filing the Motion to Dismiss.

19. Defense counsel responded that he had filed the motion as soon as he had the necessary information available and that I should feel fortunate that he was raising personal jurisdiction now rather than burying it in his answer and raising it later.

20. I also discussed with defense counsel my intent to oppose his Motion to Dismiss and to file a Motion to Transfer the case to New Mexico under 28 U.S.C. §1406(a) where there would be clear personal jurisdiction over the defendant corporation and where it would be more convenient for the defense.

21. On February 11, 2004 I received a faxed response from defense counsel indicating his intent to oppose a Motion to Transfer.

QUIRK, CHAMBERLAIN
& MARSH, P.C.
ATTORNEYS AND COUNSELLORS
AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362 6262
FACSIMILE 508/362-6060

-4-

22. The same fax stated the insurer's current unwillingness to mediate but concluded that they might reconsider their position if I provided them with the amount of the CMS (medicare) lien as soon as possible.

23. This is a serious personal injury claim based on negligence supported by New Mexico common law and one which was commenced in good faith by me based on diversity jurisdiction and an amount in controversy which clearly exceeds $75,000.00.

24. Because the Statute of Limitations ran on January 28, 2004 a dismissal of this action would deprive my clients of an opportunity to seek damages for a significant harm. Without risking an adverse finding on personal jurisdiction at any point in the proceedings the plaintiffs instead request the Court under 28 U.S.C. §1406(a) to transfer this case to the appropriate Federal District Court in New Mexico in which it clearly could have been brought.

Signed under the pains and penalties of perjury this 23rd day of February, 2004.

_____
Pamela B. Marsh

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

-5-

Case 1:03-cv-12425-NG     Document 13     Filed 02/23/2004     Page 10 of 10