UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12425 NG

---

ROSARIO J. DINDIO and MARY O. DINDIO,
    Plaintiffs,

v.

FIRST BABYLON, INC., d/b/a HOLIDAY INN
EXPRESS,
    Defendants.

---

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO THEIR
MOTION TO DISMISS THE COMPLAINT**

The defendant, First Babylon, Inc. d/b/a Holiday Inn Express, respectfully submits this

reply in order to respond to certain arguments set forth in the opposition of the plaintiffs, Rosario

J. Dindio and Mary O. Dindio. In their opposition, the plaintiffs argue that the defendant's

Motion to Dismiss the Complaint was untimely. The plaintiffs' claim is wrong as a matter of

law. The plaintiffs also claim that they are entitled to conduct jurisdictional discovery prior to

the Court ruling on the defendant's Motion to Dismiss. However, as the plaintiffs have failed to

present a "colorable" claim of personal jurisdiction, they are not entitled to jurisdictional

discovery.

**I.      Argument**

        **A.      THE DEFENDANT'S MOTION TO DISMISS WAS FILED IN A TIMELY
FASHION AND IN ACCORDANCE WITH FED.R.CIV.P. 12(h)(1).**

In their Opposition, the plaintiffs allege that the defendant failed to file its Motion to

Dismiss the Complaint in a timely manner pursuant to Fed.R.Civ.P. 12(b). To support this claim

the plaintiffs state that "when a defense of lack of personal jurisdiction is to be asserted by motion, it must be made before the answer is served." However, this claim is wrong as a matter of law because under Fed.R.Civ.P. 12(h), the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process are waived if they are not included in a preliminary motion under Rule 12, or if no such motion is made, they are not included in the first responsive pleading.[1] See Polaroid Corp. v. Feely, 889 F.Supp. 21, 23 (D.Mass. 1995) citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 2D § 1391 (1990) (emphasis added). Fed.R.Civ.P. 12(h)(1) specifically allows a defendant to file either a responsive pleading or a motion as its first defensive move. If a defendant's first defensive move is a preanswer motion, Rule 12(h)(1)(A) requires that the motion contain all applicable defenses. If, however, the first defensive move of the defendant is a responsive pleading, Rule 12(h)(1)(B) requires that the defense of lack of personal jurisdiction be raised in that pleading. Taken together, Rule 12(h)(1)(A) & (B) require "that defendants wishing to raise [a defense of lack of personal jurisdiction] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983) Accordingly, the plaintiff is simply wrong as a matter of law in claiming that the defendant was procedurally required to file its Motion to Dismiss the Complaint prior to filing an answer.

In this case, the defendant both denied the plaintiff's assertion of personal jurisdiction[2] and raised the affirmative defense of lack of personal jurisdiction in its Answer to the Complaint

---

[1] Indeed, undersigned counsel explained Rule 12(h) to plaintiffs' counsel before she filed her opposition. Nonetheless, she chose to argue a truly frivolous legal position, and has absolutely no good faith basis to do so.

[2] See Answer at ¶ 3.

which was filed on January 9, 2004, within the twenty days following service.[3]  The defendant's

Answer to the Complaint unambiguously alerted the plaintiffs' counsel to a jurisdictional

challenge.  See Whitaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1086 (1ˢᵗ Cir. 1973)

(defendant's answer placed the plaintiff on notice that personal jurisdiction would be

challenged).  Upon diligent investigation, it was indeed determined that the defendant had no

contacts with Massachusetts and a decision to file the Rule 12 Motion was then made and

thereafter filed on February 9, 2004.  See Terzano v. PFC, 986 F.Supp. 706, 710 (D.Puerto Rico

1997) (defendant raised the defense of personal jurisdiction in a timely fashion by filing an

answer raising the lack of personal jurisdiction as an affirmative defense, and then two weeks

later filing its motion to dismiss.)

B.    THE PLAINTIFFS ARE NOT ENTITLED TO CONDUCT
      JURISDICTIONAL DISCOVERY BECAUSE THEY HAVE FAILED TO
      PRESENT A "COLORABLE" CLAIM FOR PERSONAL JURISDICTION
      OVER THE DEFENDANT.

In their Opposition, the plaintiffs also request that the Court allow them to conduct

discovery on the jurisdictional issue.  The plaintiffs look to Surpitski v. Hughes-Kennan Corp.,

362 F.2d 254 (1ˢᵗ Cir. 1966) to support their contention that the Court should hold in a abeyance

a decision on the motion to dismiss while the plaintiffs conduct jurisdictional discovery.  In

doing so, the plaintiffs are assuming Surpitski's modern viability without acknowledging that

more recent cases have been much less generous on this point.  See Noonan v. Winston Co., 902

F.Supp. 298, 309 and n.16 (D.Mass. 1995) citing Market/Media Research, Inc. v. Union Tribune

---

[3]The plaintiff chose to have the defendant served by a Deputy Sheriff, which provided the defendant only twenty day to respond to the Complaint, as opposed to the more customary practice pursuant to Fed.R.Civ.P. 4(d) of service by mail which would have allowed sixty days for response.  Accordingly, defense counsel had only a matter of days to answer the complaint.

Publishing Co., 951 F.2d 102, 106 (6th Cir. 1991).

In Sunview Condominium Ass'n v. Flexel Int'l Ltd., 116 F.3d 962, 964 (1st Cir. 1997),

the court explained that "a diligent plaintiff who sues an out-of-state corporation and who makes

a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum

of jurisdictional discovery if the corporation interposes a jurisdictional defense," but such an

"entitlement is not absolute." See U.S. v. Swiss American Bank, Ltd., 274 F.3d 610, 626 (1st Cir.

2001) (denying discovery where appellant showing of personal jurisdiction was "so bootless . . .

that it made no colorable claim sufficient to entitle it to further discovery."); Crocker v. Hilton

Int'l Barb., Ltd., 976 F.2d 797, 801 (1st Cir. 1992) (denying discovery where appellants sought

information, irrelevant to forum contacts, on solicitation of business and the provision of goods

and services outside of the forum); Noonan v. Winston Co., 135 F.3d 85, 94 (1st Cir. 1998)

(denying discovery where plaintiffs sought information about the interrelationships among the

defendants; information irrelevant to purposeful availment).   Morever, even when the plaintiff

has been diligent and made a colorable claim for personal jurisdiction, the district court still has

"broad discretion to decide whether discovery is required." Swiss American Bank, 274 F.3d at

626, quoting Crocker, 976 F.2d at 801

As set forth in the defendant's Motion to Dismiss the Complaint, the plaintiff fails to set

forth any facts which would allow this Court to exercise jurisdiction over the defendant, a closely

held New Mexico Corporation.  Indeed, the plaintiff's attorney knew all along that her clients'

stay at the defendant's hotel was completely fortuitous and weather related.[4]  Thus, no "colorable

---

[4]See Exhibit 1 attached to Motion to Dismiss (portion of demand letter from the plaintiffs' counsel explaining that her clients happened on this hotel only because of adverse weather conditions).

4

claim" to personal jurisdiction has been made.

The diligence requirement includes the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted. <u>Swiss American Bank</u>, 274 F.3d at 626. In this case, the only "additional pertinent avenues of inquiry" offered by the plaintiffs to establish whether the defendant has the necessary minimum contacts[5] with the forum state are advertising and marketing that <u>may have</u> been conducted by the defendant's franchisor. <u>Id.</u>    The sole fact that there is a Holiday Inn (national franchisor) interactive website, which allows reservations to be made on-line, is insufficient to assert personal jurisdiction over the defendant and also immaterial, as it is wholly undisputed that no such reservation was ever made by the plaintiffs.

Moreover, this is not a case "where complex factual matters are in question." <u>Whitaker</u>, 482 F.2d at 1086. Indeed, the facts involved are quite simple and straight forward in that the plaintiffs had no contacts with the defendant until they happened upon its hotel in New Mexico. Additionally, it is clear from the plaintiffs' Complaint that they were aware that the defendant was a "duly organized corporation registered to conduct business in New Mexico."[6]

Finally, in their Opposition the plaintiffs make reference to their Motion to Transfer this action to the Federal District Court of New Mexico pursuant to 28 U.S.C. § 1406(a). On this

---

[5] It is of note, that in the three cases relied upon by the plaintiffs none of the courts found that the assertion of personal jurisdiction over the defendants was appropriate. <u>See</u> <u>Phillips Exeter Academy v. Howard Phillips Fund</u>, 196 F.2d 284 (1st Cir. 1999) (exercise of personal jurisdiction would offend due process because of the plaintiff's failure to satisfy the relatedness and purposeful availment requirements); <u>Szafarwicz v. Gotterup</u>, 68 F.Supp. 2d 38 (D.Mass. 1999) (plaintiffs failed to establish that the defendants have sufficient contacts with the United States to subject them to Rule 4(k)(2) jurisdiction); <u>Clark v. City of St. Augustine, Florida</u>, 977 F.Supp. 541 (D.Mass. 1997) (defendant did not have sufficient minimum contacts with Massachusetts to allow exercise of jurisdiction consistent with due process).

[6] <u>See</u> Complaint at ¶ 2.

5

point, the defendant directs the Court's attention to its Opposition to the Plaintiffs' Motion to

Transfer, filed herewith.

## II.    Conclusion

The defendant clearly filed its motion to dismiss in a timely fashion pursuant to the

requirements of Fed.R.Civ.P. 12.  Further, since the plaintiffs have failed to present a "colorable"

claim for personal jurisdiction, they are not entitled to jurisdictional discovery and this matter

should be dismissed.

Respectfully Submitted,

FIRST BABYLON, INC. D/B/A HOLIDAY INN EXPRESS
BY ITS ATTORNEYS
COGAVIN AND WAYSTACK

___3|8|04___
Date

Mark A. Darling, B.B.O. #: 551285
Kathleen M. Hansberry, B.B.O. #: 655830
Two Center Plaza
Boston, Massachusetts 02108
(617) 742-3340

## CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on March 8, 2004, I served the within document
by first class mail, postage prepaid, to the following:

Pamela B. Marsh, Esquire
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
PO Box 40
Yarmouthport, MA 02675-0040

Mark A. Darling