UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12425 NG

ROSARIO J. DINDIO and MARY O. DINDIO,
    Plaintiffs,

v.

FIRST BABYLON, INC., d/b/a HOLIDAY INN
EXPRESS,
    Defendants.

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER CASE TO ANOTHER DISTRICT

NOW COMES the defendant, First Babylon, Inc. d/b/a Holiday Inn Express ("First

Babylon"), and hereby opposes the plaintiffs, Rosario and Mary Dindio's ("Dindios") Motion to

Transfer Case to Another District pursuant to 28 U.S.C. § 1406(a).

**I.    Introduction**

This action arises out of injuries which the plaintiff, Rosario Dindio, allegedly sustained

while he was a guest at a hotel owned by First Babylon. On or about January 26, 2001, the

Dindios were driving across country, when due to an approaching snow storm, they essentially

got off at the next exit and checked into First Babylon's hotel.[1]  The Dindios stayed overnight on

January 26 and 27, 2001, waiting for the storm to pass.[2]  Prior to January 26, 2001, First Babylon

---

[1]See Complaint at ¶¶ 5, 6 and 7; see also Affidavit of Ila Patel at ¶¶ 3 and 5.

[2]See Complaint at ¶ 6; see also Affidavit of Ila Patel at ¶ 3.

had no contact with the Dindios as they had not made a reservation prior to their arrival.[3] Indeed, it was completely fortuitous, and due to adverse weather conditions only, that the plaintiffs happened to stay at this hotel. On January 28, 2001, after the weather cleared, the plaintiffs were preparing to continue on their trip when Rosario Dindio allegedly fell on the premises of the hotel and was injured.[4] The following morning, January 29, 2001, the Plaintiffs checked out of the hotel.[5] The Dindios filed a complaint in the Federal District Court of Massachusetts alleging various state-law torts including negligence, loss of consortium and breach of contract against First Babylon.

## II.    Argument

### A.    THE PLAINTIFFS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a) SHOULD BE DENIED BECAUSE IT IS NOT IN THE INTEREST OF JUSTICE TO TRANSFER THIS ACTION.

In their Motion to Transfer, the plaintiffs' argue that they are entitled to a transfer pursuant to 28 U.S.C. § 1406(a) which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). This section applies in cases where venue is improper, although it has also been interpreted to permit transfer for lack of personal jurisdiction when such a transfer is deemed to be in the interest of justice. See Mulcahy v. Guertler, 416 F.Supp. 1083, 1085-86 (D.Mass. 1976).

---

[3] See Affidavit of Ila Patel at ¶¶ 3 and 4.

[4] See Complaint at ¶¶ 8 and 13.

[5] See Affidavit of Ila Patel at ¶ 9.

In support of their Motion to Transfer, the plaintiffs rely upon cases where venue was proper but personal jurisdiction over the defendant was wanting and the plaintiff faced a loss of his cause of action due to the operation of the applicable statute of limitations.[6]  However, the fact that an action may be time-barred does not make it "in the interest of justice" to transfer that action to a district in which personal jurisdiction does exist. See Pedzewick v. Foe, 963 F.Supp. 48, 50 (D.Mass. 1997) (court concluded that, it was not in the interest of justice to grant a transfer under section 1406 because the plaintiff failed to timely determine where the defendants were subject to personal jurisdiction); Cote v. Wadel, 796 F.2 981 (7th Cir. 1986) (court denied transfer to Michigan under section 1406 because elementary prudence would have indicated that there was only a slight probability of obtaining personal jurisdiction in Wisconsin over the defendants); Keaveney v. Larimer No. 00-2213 (10th Cir. December 19, 2000)[7] (court denied transfer under section 1406 because the error involved was obvious and the pro se plaintiff either realized or should have realized that the forum in which he filed was improper).

In Pedzewick v. Foe, 963 F.Supp. 48, 50 (D.Mass. 1997), the plaintiff commenced her action for personal injuries she allegedly sustained in a motor vehicle accident on the very last day of the applicable statute of limitations.  In denying the plaintiff's motion to transfer, Judge Young held that the plaintiff did not have a good faith belief that the defendants were subject to

---

[6]See Taylor v. Love, 415 F.2d 1118 (6th Cir. 1969), cert. Denied, 397 U.S. 1023 (1970); Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967); Dubin v. United States, 380 F.2d 813 (5th Cir. 1967); Janus v. J.M. Barbe Co., 57 F.R.D. 539 (N.D. Ohio 1972); Robinson v. Carroll, 318 F.Supp. 527 (M.D.N.C. 1970); Ferguson v. Kwik-Chek, 3087 F.Supp. 78 (D.C.V.I. 1970); Teets v. Hawker, 278 F.Supp. 834 (N.D.W.Va. 1968); Rozell v. Kaye, 276 F.Supp. 392 (S.D.Tex. 1967); Peoples Bank & Trust Co. v. Rue, 210 F.Supp. 952 (N.D. Iowa 1962); Contra, Selsby v. Vecchione, 216 F.Supp. 207 (S.D.N.Y. 1963); Corke v. Somerset M.S. Song of Norway, 572 F.2d 77 (2nd Cir. 1978).

[7]See Copy of the opinion attached hereto as Exhibit 1.

3

personal jurisdiction in Massachusetts because the action involved a Florida accident with Georgia residents and the only nexus to Massachusetts was the plaintiff. Pedzewick, 963 F.Supp. at 52.

Similarly, in this case the plaintiffs commenced their action less than two months before the applicable statute of limitations ran, and knew or should have known that this court did not have personal jurisdiction over the defendant as the incident occurred entirely in New Mexico, involved a New Mexico corporation[8] and the only nexus to Massachusetts was the plaintiffs. The plaintiff must have researched the corporate history of the defendant as the correct, New Mexico corporation was named in the complaint.    Indeed, the plaintiff's attorney knew all along that her clients' stay at the defendant's hotel was completely fortuitous and weather related.[9] Moreover, the defendant both denied the plaintiff's assertion of personal jurisdiction[10] and raised the affirmative defense of lack of personal jurisdiction in its Answer to the Complaint which was filed on January 9, 2004, prior to the statute of limitations running.  Accordingly, the defendant's Answer to the Complaint unambiguously alerted the plaintiffs' counsel to a jurisdictional challenge, a challenge which counsel apparently chose to ignore. See Whitaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1086 (1st Cir. 1973) (defendant's answer placed the plaintiff on notice that personal jurisdiction would be challenged).  The record is clear that plaintiffs' counsel did not exercise proper diligence in determining whether or not the this court could assert

---

[8] See Complaint at ¶ 2.

[9] See Exhibit 1 attached to Motion to Dismiss (portion of demand letter from plaintiffs' counsel explaining that her clients happened on this hotel only because of adverse weather conditions).

[10] See Answer at ¶ 3.

4

personal jurisdiction over the defendant, thereby committing an "elementary" and "obvious error" in filing this action in the more convenient Federal District Court of Massachusetts rather than the Federal District Court of New Mexico. The transfer statutes were not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, and accordingly, the plaintiffs should not benefit from their lack of diligence just because the action was filed in some court prior to the last day of the statute of limitations .

The plaintiffs' reliance on Goldlawr, Inc. v. Heiman, 396 U.S. 463, 466-67 (1962), is also misplaced, as that case involved a complex, private antitrust action against various persons and corporations. In that case, the Supreme Court dealt with a plaintiff's "erroneous guess with regard to the existence of some elusive fact," and stated that "if by reason of the uncertainties or proper venue a mistake is made, . . . 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred." Goldlawr, 396 U.S. at 466-67 (emphasis added). Indeed, the implication of the Goldlawr decision is that transfer should be denied when a plaintiff fails to exercise proper diligence or does not act in good faith in deciding where to file suit. See Pedzewick, 963 F.Supp. at 52. In contrast to the plaintiff in Goldlawr, the plaintiffs in this case either knew or should have known, through the exercise of reasonable diligence, that personal jurisdiction could not be asserted over the defendant in Massachusetts.

Striking the proper balance between the goals of section 1406(a) and the those of statutes of limitations, is facilitated by the requirement that transfer is available only when it is in the interest of justice. Pedzewick, 963 F.Supp. at 51. "In the context of personal jurisdiction, the interest of justice – at the very least – must mean that the plaintiff made a good faith mistake in believing that the court in which the action was filed had personal jurisdiction over the

defendants." Pedzewick, 963 F.Supp. at 51; see also Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993) ("a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court . . . simply to transfer [the] action to the proper [court]." Spar, Inc. v. Information Resources Inc., 956 F.2d 392, 394-95 (2nd Cir. 1992) (court denied transfer under section 1406 because it could not "conclude that justice requires that plaintiffs should be spared the consequences of their own failure to pursue their claim and to research whether their cause of action was time barred . . .") Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (court denied transfer to Michigan under 1406 because elementary prudence would have indicated that there was only a slight probability of obtaining personal jurisdiction in Wisconsin over the defendants).

In Pedzewick, the court reminded the plaintiff and her counsel that "they must determine where [they] can get personal jurisdiction over the defendant before, not after, the statute of limitations runs; otherwise they court disaster." Pedzewick, 963 F.Supp. at 52, quoting Cote, 796 F.2d at 985. Here, where the personal jurisdiction issue was so elementally obvious, the Court should decline the transfer request as it did in Pedzewick, Cote and Keaveney. The facts and circumstances of those cases are really no different. Despite the similarly harsh result in this case, it would not be in the interest of justice to allow the plaintiffs' Motion to Transfer.

## III.    Conclusion

The fact that dismissal would be fatal to this cause of action does not in itself make the transfer of this case in the interest of justice. Indeed, it would be an abuse of the judicial system to grant transfer when the error was so obvious, and elementary prudence would have indicated

to the plaintiffs' counsel that there was really no probability of obtaining personal jurisdiction in Massachusetts over the defendant. Obviously, this forum was most convenient for counsel and her clients who reside here, and was the true reason they chose to file here. Even after being alerted to the jurisdiction issue <u>before</u> the statute of limitations ran, the plaintiffs still failed to file in the correct forum, and applying the judicial principals interpreting §1406(a), the Court should deny the transfer request.

Respectfully Submitted,

FIRST BABYLON, INC. D/B/A HOLIDAY INN EXPRESS
BY ITS ATTORNEYS
COGAVIN AND WAYSTACK

__3|8|04__
Date

Mark A. Darling, B.B.O. #: 551285
Kathleen M. Hansberry, B.B.O. #: 655830
Two Center Plaza
Boston, Massachusetts 02108
(617) 742-3340

## CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on March 8, 2004, I served the within document by first class mail, postage prepaid, to the following:

Pamela B. Marsh, Esquire
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
PO Box 40
Yarmouthport, MA 02675-0040

Mark A. Darling