UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROSARIO J. DINDIO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) | NO. 03-12425-NG |
| | ) | |
| FIRST BABYLON, INC., d/b/a | ) | |
| HOLIDAY INN EXPRESS, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO TRANSFER AND DEFENDANT'S MOTION TO DISMISS

April 13, 2004

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on defendant's Motion to Dismiss the Complaint for lack of personal jurisdiction brought pursuant to Fed. R. Civ. P. 12(b)(2), and plaintiffs' Motion to Transfer Case to Another District, specifically the United States District Court for the District of New Mexico. For the reasons detailed herein, this court finds that the case should be transferred to New Mexico, and, therefore, recommends to the District Judge to whom this case is assigned that defendant's Motion to Dismiss (Docket # 6) be DENIED, and that plaintiffs' Motion to Transfer (Docket # 11) be ALLOWED.

## II. STATEMENT OF FACTS

The relevant facts are taken from the Complaint ("Compl.") (Docket # 1) , Affidavit of Ila Patel ("Patel Aff.") (Docket # 8) submitted by the defendant, and Affidavit of Pamela B. Marsh, Esq. ("Marsh Aff.") (Docket # 13) submitted by the plaintiffs, and are basically undisputed for purposes of the pending motions. Only the facts relevant to these motions will be addressed.[1]

The plaintiffs, Mr. and Mrs. Dindio, are residents of Massachusetts. (Compl. ¶ 1). On or about January 26, 2001, they were driving cross-country to spend the winter in Arizona. (Id. ¶ 5). In Santa Rosa, New Mexico, the plaintiffs decided to check into the Holiday Inn Express (the "Hotel") to avoid a serious winter storm that was forecast. (Id. ¶¶ 6-7; Patel Aff. ¶ 3). The Hotel is owned by the defendant, First Babylon, Inc., a New Mexico corporation, which does business as Holiday Inn Express. (Compl. ¶ 2; Patel Aff. ¶¶ 1-2). There are "Holiday Inn Express" hotels throughout the United States, although they are apparently individually owned franchises. (See Marsh Aff. ¶ 6).

Mr. Dindio was injured on January 28, 2001, when he allegedly slipped on ice while exiting the Hotel. (Compl. ¶ 12). According to the plaintiffs, Mr. Dindio "suffered serious personal injuries including bilateral subdural hematomas which reoccurred,

[1] The court may consider matters outside the pleadings, such as affidavits, when ruling on a motion to dismiss for lack of personal jurisdiction. See Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

necessitating emergency medical airlifts to a critical care hospital on two occasions where he underwent two life threatening brain surgeries. (Id. ¶ 14).

Before filing suit, plaintiffs' counsel engaged in discussions with the defendant's insurer relating to liability, damages and settlement. (Marsh Aff. ¶ 7). These discussions were ongoing at the time suit was commenced in the District of Massachusetts on December 2, 2003. (Id. ¶¶ 3, 7, 13). Plaintiffs' counsel believed that jurisdiction was proper in Massachusetts because the plaintiffs "are residents of Massachusetts and the Holiday Inn Express, though located in New Mexico and owned by a New Mexico corporation, operates a national chain [and the] amount in controversy exceeds $75,000.00." (Id. ¶ 6). The statute of limitations on plaintiffs' claims is the same under the laws of New Mexico and Massachusetts – three years – and expired on January 28, 2004. (Id. ¶ 10). This court finds (and believes that it is not disputed) that suit was filed in Massachusetts because it was more convenient for the plaintiffs, not because of any time constraints.

The defendant was served with the Complaint on December 21, 2003, and filed an Answer (Docket # 2) on January 9, 2004. (Marsh Aff. ¶¶ 8-9). Therein, the defendant denied that the court has personal jurisdiction over the defendant (Answer ¶ 3), and, therefore, asserted, as the seventh (of ten) affirmative defenses, that the Complaint should be dismissed "for lack of personal jurisdiction over the defendant." On February 9, 2004, after the statute of limitations had expired on January 28, 2004, the defendant filed its motion to dismiss for lack of personal jurisdiction (Docket # 6). The plaintiffs opposed

the motion (Docket # 10), and filed a motion to transfer the case to the District of New Mexico (Docket # 11).

## III. ANALYSIS

### A. The Motion to Transfer

Pursuant to 28 U.S.C. § 1406(a), the plaintiffs seek to have this case transferred to the District of New Mexico, where there is admittedly personal jurisdiction over the defendant. That statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(Emphasis added). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962). The general purpose of § 1406(a) is to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on the merits." Id. at 466-67, 82 S. Ct. at 916. Courts have found that transfer is particularly appropriate under § 1406(a) where, absent a transfer, "the plaintiff faced a loss of his cause of action due to the operation of the applicable statute of limitations."

Mulcahy v. Guertler, 416 F. Supp. 1083, 1086 (D. Mass. 1976), and cases cited. That is the situation here, and this court concludes that the interest of justice compels the conclusion that this action be transferred.

28 U.S.C. § 1406(a) controls the situation where venue is improper, regardless whether the court has jurisdiction over the defendant. See N.E. Cord Blood Bank, Inc. v. Alpha Cord, Inc., No. 03-11662-GAO, 2004 WL 222357, at *2 (D. Mass. Jan. 21, 2004) ("Section 1406 allows a federal court to transfer a case, in the interests of justice, if venue is wrongful or improperly laid"). Defendant does not dispute that venue is improper here or that § 1406(a) controls the instant case.[2] Rather, relying principally on Pedzewick v. Foe, 963 F. Supp. 48 (D. Mass. 1997), the defendant argues that it would be an abuse of discretion as a matter of law to allow a transfer to avoid the statute of limitations, where, as here, there is clearly no personal jurisdiction over the defendant in Massachusetts. This court concludes that even assuming, without deciding, that Pedzewick sets as rigid a standard as the defendant suggests, the instant case is both factually and legally distinguishable so that the transfer would be a proper exercise of the court's discretion.

In Pedzewick, the plaintiff, a Massachusetts resident, brought a diversity action in Massachusetts against a Georgia truck driver and company arising out of a motor vehicle

---

[2] Under 28 U.S.C. § 1391(a), in a diversity action, venue is proper (1) in the district where the defendant resides, (2) in the district where "a substantial part of the events or omissions giving rise to the claim occurred" or where the property that is the subject of the action is located, or (3) where there is personal jurisdiction over the defendant "if there is no district in which the action may otherwise be brought." (Emphasis added). None of these situations exist in the instant case.

accident which occurred in Florida. Id. at 49. There was no suggestion "that the Defendants were ever subject to personal jurisdiction in or ever had any contact with the Commonwealth of Massachusetts." Id. The complaint was filed four years and one day after the accident and, in fact, was timely only because the Florida four year statute of limitations expired on a Sunday and, under Florida law, the plaintiff had until Monday to file suit. Id. at 50-51. The defendants moved to dismiss the complaint, in response to which the plaintiff sought to transfer the matter to Florida. Judge Young denied the request to transfer.

As Judge Young held, "[t]he transfer statutes were not intended to give plaintiffs an end run around the rules of personal jurisdiction and venue, but rather were intended to facilitate fairness and result in greater convenience to litigants." Id. at 51. He was "troubled by the fact that Pedzewick filed on the very last day [of the limitations period], in a court that – by no stretch of the imagination – could even arguably exercise personal jurisdiction over these Defendants." Id. Concluding that "[i]n the context of personal jurisdiction, the interest of justice – at the very least – must mean that the plaintiff made a good faith mistake in believing that the court in which the action was filed had personal jurisdiction over the defendants," Judge Young ruled that transfer was not appropriate in the case before him where the plaintiff "did not have good faith belief that the Defendants were subject to personal jurisdiction in this Court." Id. at 52.

The instant case is clearly distinguishable. Here, the plaintiffs did not act to evade the statute of limitations. Plaintiffs' counsel was in discussions with the defendant and its

insurer well before the limitations period had run and filed suit here well before the limitations period had expired. If the plaintiffs had recognized that lack of jurisdiction was a defense that the defendant intended to pursue, there was time to move the action to New Mexico within the statute of limitations.[3] There was no lack of good faith on the part of the plaintiffs in filing suit in their home state.

Nor is this a situation where "by no stretch of the imagination" could Massachusetts exercise jurisdiction over the defendant. Rather, there are cases where jurisdiction has been found over out-of-state franchises of a national chain based on the existence of a national presence. See, e.g., Wronikowski v. General Hotels Corp., 716 F. Supp. 5, 6 (E.D. Mich. 1989) (Michigan court had jurisdiction over manager of Indiana Holiday Inn franchise relating to injuries sustained by Michigan resident in Indiana hotel: "Having accepted the benefits of affiliation with a national chain of hotels, defendant must accept the detriments . . . . Having reached out to travelers nationwide, including Michigan travelers, defendant cannot use Holiday Inn as a shield to avoid answering in Michigan's courts."). Accord Kepler v. ITT Sheraton Corp., 860 F. Supp. 393, 397 (E.D. Mich. 1994) (court had long-arm personal jurisdiction over national hotel chain even

---

[3] This court is not placing any additional burden on the defendant to notify the plaintiff of its claim of lack of jurisdiction other than to plead the defense. Nevertheless, this court does note that the defendant raised other "routine" affirmative defenses (such as the statute of limitations) which have no application to the instant case. Moreover, the defendant raised various defenses, including several under Massachusetts law, as well as a claim of lack of diversity, which could have led plaintiffs to the conclusion that the defendant would not contest the continuation of the case in this court.

though defendants did not own any hotels in Michigan). Moreover, there is ample support in Massachusetts for the proposition that this state's long-arm statute should be "construed broadly" and that an out-of-state business, including a hotel, may be subject to the state's jurisdiction if it solicits business in the Commonwealth — which Holiday Inn Express apparently does. See, e.g., Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 773-74, 625 N.E.2d 549, 551, 554-55 (1994) (jurisdiction proper in Massachusetts over Delaware corporation doing business in California as the Quality Inn Hotel and Conference Center for injuries sustained by Massachusetts resident at the California hotel: "In view of the hotel's quite extensive solicitation of business in Massachusetts (from which the plaintiff's claim arose), it is reasonable to conclude that the hotel has 'invoked the benefits and protections' of Massachusetts laws."). Thus, while the Dindios' determination that there is personal jurisdiction over the defendant Holiday Inn Express may (or may not) have been incorrect, plaintiffs' counsel's analysis was not so far fetched as to support a conclusion that the filing here was not in good faith. Rather, as the court held in Goldlawr, Inc. v. Heiman, in language equally applicable to the

instant case, "this case is itself a typical example of the problem sought to be avoided [by § 1406(a)] for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact . . . business' in the [Commonwealth of Massachusetts]." 369 U.S. at 466, 82 S. Ct. at 915. For these reasons, this court finds that transferring the case to New Mexico is the better result.

**B. The Motion to Dismiss**

Since a transfer under 28 U.S.C. § 1406(a) is appropriate even where the court lacks personal jurisdiction over the defendant, this court recommends that the defendant's motion to dismiss for lack of personal jurisdiction be denied as moot. In the alternative, this court notes that the plaintiff has requested leave to take additional discovery on the issue of the defendant's contacts with Massachusetts. (See Plaintiffs' Opposition to Defendant's Motion to Dismiss (Docket # 10) at 4-5). If the plaintiffs' motion to transfer is denied, this court would recommend that discovery be allowed to proceed on the jurisdictional issue in light of the fact-specific nature of the jurisdictional inquiry and the severe consequences of a finding of lack of jurisdiction absent a transfer.

## IV. CONCLUSION

For the reasons detailed herein, this court finds that the case should be transferred to New Mexico, and, therefore, recommends to the District Judge to whom this case is assigned that defendant's Motion to Dismiss (Docket # 6) be DENIED, and that plaintiffs' Motion to Transfer (Docket # 11) be ALLOWED.[4]

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).