UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12425 NG

ROSARIO J. DINDIO and MARY O. DINDIO,
   Plaintiffs,

v.

FIRST BABYLON, INC., d/b/a HOLIDAY INN EXPRESS,
   Defendants.

**OBJECTION OF DEFENDANT TO MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND MOTION TO TRANSFER TO ANOTHER DISTRICT**

NOW COMES the defendant, First Babylon, Inc. d/b/a Holiday Inn Express ("First Babylon"), and hereby objects to the Recommendation and Report of Magistrate Judge Dein dated April 13, 2004, and states as follows:

**I.**   **Introduction**

This action arises out of injuries which the plaintiff, Rosario Dindio, allegedly sustained while he was a guest at a hotel owned by First Babylon. On or about January 26, 2001, the Dindios were driving across country, when due to an approaching snow storm, they essentially got off at the next exit and checked into First Babylon's hotel.[1] The Dindios stayed overnight on January 26 and 27, 2001, waiting for the storm to pass.[2] Prior to January 26, 2001, First Babylon

---

[1] See Complaint at ¶¶ 5, 6 and 7; see also Affidavit of Ila Patel at ¶¶ 3 and 5.

[2] See Complaint at ¶ 6; see also Affidavit of Ila Patel at ¶ 3.

had no contact with the Dindios as they had not made a reservation prior to their arrival.[3] Indeed, it was completely fortuitous, and due to adverse weather conditions only, that the plaintiffs happened to stay at this hotel. On January 28, 2001, after the weather cleared, the plaintiffs were preparing to continue on their trip when Rosario Dindio allegedly fell on the premises of the hotel and was injured.[4] The following morning, January 29, 2001, the Plaintiffs checked out of the hotel.[5] The Dindios filed a complaint in the Federal District Court of Massachusetts alleging various state-law torts including negligence, loss of consortium and breach of contract against First Babylon.

This Court transferred the matter to Magistrate Judge Dein for the purpose of holding a Scheduling Conference and for hearing pending Motions. Pursuant to Fed.R.Civ.P. 72 (b), the defendant objects to the Magistrate's Report and Recommendations, and seeks to have this Court allow the Motion to Dismiss and deny the Motion to Transfer.

## II.  Argument

The Magistrate indicated at page 2 of her Report that "the plaintiffs decided to check into the Holiday Inn Express to avoid a serious winter storm...." Indeed, as set forth in the Affidavit of Ila Patel, the plaintiffs did check into the hotel because of a bad storm, but there is no evidence in the record that they were in any way relying upon the franchise name of the hotel concerning their last minute decision to stay there. Merely because the plaintiffs' attorney speculates in her Affidavit that the hotel in question is a franchisee of a nationally known chain is not sufficient to

---

[3] See Affidavit of Ila Patel at ¶¶ 3 and 4.

[4] See Complaint at ¶¶ 8 and 13.

[5] See Affidavit of Ila Patel at ¶ 9.

extend jurisdiction over the defendant franchisee, First Babylon.

In her decision at p. 2, the Magistrate states: "28 U.S.C. § 1406(a) controls the situation where venue is improper, regardless whether [sic] the court has jurisdiction over the defendant." (Emphasis added). The second part of that holding is an incorrect statement of the law. The sole case cited for the proposition is N.E. Cord Blood Bank, Inc. v. Alpha Cord, Inc., No.03-11662-GAO, Slip Op. (January 21, 2004). That case did not even address the question of personal jurisdiction at all. Rather, it involved a question of venue in a trademark infringement case, and the Court held that venue in Massachusetts was proper as "a substantial part of the events giving rise to NECBB's claims occurred here." Slip Op. at p. 4. Also, the defendant in that case had admitted that venue was proper, accordingly, § 1406 was deemed to be inapplicable.

In the instant case, not only is venue improper, but there is no personal jurisdiction over the defendant. In those situations, as cited in the instant defendant's original brief in opposition to the Motion to Transfer, "In the context of personal jurisdiction, the interest of justice – at the very least – must mean that the plaintiff made a good faith mistake in believing that the court in which the action was filed had personal jurisdiction over the defendants." Pedzewick, 963 F.Supp. at 51; see also Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1201 (4th Cir. 1993) ("a district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court . . . simply to transfer [the] action to the proper [court]." Spar, Inc. v. Information Resources Inc., 956 F.2d 392, 394-95 (2nd Cir. 1992) (court denied transfer under section 1406 because it could not "conclude that justice requires that plaintiffs should be spared the consequences of their own failure to pursue their claim and to research whether their cause of

action was time barred . . .") Cote v. Wadel, 796 F.2d 981, 985 (7th Cir. 1986) (court denied transfer to Michigan under 1406 because elementary prudence would have indicated that there was only a slight probability of obtaining personal jurisdiction in Wisconsin over the defendants).

The Magistrate incorrectly attempted to sidestep the question of personal jurisdiction in order to reach the issue of transfer for improper venue. The above cited cases indicate that such an analysis is wrong. The Court must first address the personal jurisdiction issue, which here, is the central question. Based on the record before her, the Magistrate should have allowed the Motion to Dismiss as there was and remains simply no colorable claim for personal jurisdiction. Indeed, the plaintiffs clearly filed the Motion to Transfer since they were so obviously wrong on the question of personal jurisdiction. They filed the case in Massachusetts because they live here and their counsel is here - neither of which bears on the constitutional question of personal jurisdiction. Once the Court has determined the personal jurisdiction question in favor of the defendant, then the Court addresses the question of exercising its discretion "in the interests of justice" as set forth in the statute.

The Magistrate's decision to deny the Motion to Dismiss was not based on any analysis of the personal jurisdiction questions raised in the parties' affidavits and legal memoranda. Indeed, there is *nothing* in the Magistrate's Report that addresses the substantive issue of personal jurisdiction in any way. The Magistrate failed to address the key First Circuit decisions on personal jurisdiction in the context of hotel accommodations such as Nowak v. Tak How Inv., Ltd., 94 F.3d 708 (1st Cir.1996), or in any other way. See Defendant's Memorandum of Law in Support of Motion to Dismiss at 5-7. The Magistrate's Report suggests that any franchisee of a

nationally known chain is subject to jurisdiction in any state merely because of the name and/or the franchise relationship. Report at p. 7. This is an incorrect statement of the law. In <u>Tak How</u> and all of the other cases cited in the defendant's memorandum of law, the contacts of the franchisee with the forum state were analyzed to determine the personal jurisdiction question. Otherwise, any franchisee of any nationally franchised chain, such as McDonald's or Burger King, would automatically be subject to jurisdiction in any state in the country. This is not the law of personal jurisdiction, and such an analysis runs far afield of the Constitutional considerations that the Magistrate should have analyzed, but failed to do so.

The Magistrate's recommendation to allow the plaintiffs to conduct jurisdictional discovery before deciding the Motion to Dismiss is not based on any analysis of the facts presented in the Affidavits and the numerous cases cited in the defendant's reply memorandum of law. The plaintiffs cited one case from 1966 to support their request for jurisdictional discovery. The defendants cited numerous recent decisions of this Court concerning the circumstances under which jurisdictional discovery is or is not allowed. The Magistrate appears to have relied on the lone 1966 decision, although she cites no case in her Report supporting the basis for her recommendation to allow jurisdictional discovery. The modern rulings do not allow jurisdictional discovery as of right - the plaintiff must demonstrate a basis for allowing such discovery. <u>See</u> Defendant's Reply Memorandum at 4.

The sole fact that there is a Holiday Inn (national franchisor) interactive website, which allows reservations to be made on-line, is insufficient to assert personal jurisdiction over the defendant and also *immaterial*, as it is wholly undisputed that no such reservation was ever made by the plaintiffs. Thus, the Magistrate erred in determining that jurisdictional discovery should

be allowed.

WHEREFORE, the defendant respectfully requests that this Court review the issues raised in the Motion to Dismiss and the Motion to Transfer, reject the Magistrate's recommendation and report, and enter an order allowing the defendant's Motion to Dismiss and denying the plaintiffs' Motion to Transfer.

                                              FIRST BABYLON, INC. D/B/A HOLIDAY INN EXPRESS
                                              BY ITS ATTORNEYS
                                              COGAVIN AND WAYSTACK

_4/23/04_
Date

                                              Mark A. Darling, B.B.O. #: 551285
                                              Kathleen M. Hansberry, B.B.O. #: 655830
                                              Two Center Plaza
                                              Boston, Massachusetts 02108
                                              (617) 742-3340

## CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on April 23, 2004, I served the within document by first class mail, postage prepaid, to the following:

Pamela B. Marsh, Esquire
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
PO Box 40
Yarmouthport, MA 02675-0040

                                              Mark A. Darling