UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE 2004 MAY -6 P 12:15 U.S. DISTRICT COURT DISTRICT OF MASS.

ROSARIO J. DINDIO AND MARY O. DINDIO
PLAINTIFFS

VS

FIRST BABYLON, INC., d/b/a HOLIDAY INN EXPRESS
DEFENDANT

CIVIL ACTION NO. 03-12425 NG

RESPONSE OF PLAINTIFFS TO DEFENDANT'S OPPOSITION TO MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION TO DISMISS AND MOTION TO TRANSFER TO ANOTHER DISTRICT

Now come the plaintiffs, Rosario J. Dindio and Mary O. Dindio ("Mr. and Mrs. Dindio"), pursuant to Fed.R.Civ.P. 72(b) and respond to the objection of the Defendant, First Babylon Inc. d/b/a Holiday Inn Express, to the Magistrate's Report and Recommendation dated April 13, 2004 as follows:

I. Introduction

The plaintiffs adopt the Statement of Facts set forth in Section II of the Magistrate's Report. In addition, the plaintiffs emphasize that this action was filed in good faith in the District of Massachusetts before the statute of limitations had run and with counsel's belief that personal jurisdiction existed over the defendant, doing business as "Holiday Inn Express", a nationally recognized chain which solicits business in Massachusetts through an interactive web site and other

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

advertising. (See generally, Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Transfer and Affidavit of Pamela B. Marsh in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiffs' Motion to Transfer).

The Magistrate has recommended that this case be transferred pursuant to 28 U.S.C. § 1406(a) to the District of New Mexico where there is admittedly personal jurisdiction over the defendant and where without such transfer the plaintiffs face a loss of their cause of action due to the running of the applicable statute of limitations. (See Magistrate's Report, Section III. A) The Magistrate has made findings of fact and concluded that the "interest of justice compels" such transfer. She has further recommended that the defendant's Motion to Dismiss for Lack of Personal Jurisdiction be denied as moot in the event this Court orders the transfer of this case to another district where it could clearly have been brought. (See Magistrate's Report, Section III. A.)

The defendant has filed a written objection to the Magistrate's proposed findings and recommendations (Docket #26). Essentially, the defendant argues that the Magistrate is wrong as a matter of law as this Court must first determine the personal jurisdiction question in favor of the defendant before exercising its discretion "in the interests of justice" as set forth in 28 U.S.C. § 1406(a) (Docket #25, p.7). The defendant

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

contends there is "nothing in the Magistrate's Report that addresses the substantive issue of personal jurisdiction in any way." (Docket #25, p.4).

In addition, the defendant's opposition questions the Magistrate's finding that the plaintiff acted in good faith when they filed suit in their home state. (See Magistrate's Report, Section III A, p. 7)

II. Argument

A. The Motion to Transfer

The defendant maintains in its opposition that the Magistrate has incorrectly stated the law in her report at p. 2 where she finds, "28 U.S.C. § 1406(a) controls the situation where venue is improper, regardless whether [sic] the Court has jurisdiction over the defendant" (emphasis added) and asserts that only one case, N.E. Cord Blood Bank Inc. v. Alpha Cord, Inc., No. 03-11662-GAO, Slip (January 21, 2004) was improperly cited for that proposition.

On the contrary, the Magistrate's position that this Court need not make a finding on the issue of personal jurisdiction prior to ruling on a transfer is supported by multiple cases anchored by the seminal case of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 464, 82 S.Ct. 913, 916, 8 L.Ed. 2d 39 (1962). The Supreme Court emphasized in the Goldlawr opinion that it found nothing in the language of § 1406(a) or its legislative history

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

which intended to limit it to actions in which the transferring Court had personal jurisdiction over the defendant. Goldlawr, Inc., 369 U.S. at 466. The defendant is simply wrong when it insists against overwhelming case law that a finding of personal jurisdiction in favor of the plaintiff must be made prior to the Court exercising its discretion to transfer in the "interest of justice".

An alleged lack of good faith by the plaintiffs in believing that the Court in which this action was filed had personal jurisdiction over the defendant is the second focus of the defendant's opposition to the Magistrate's Report. As support for this argument the defendant cites Pedzewick v. Foe, 963 F. Supp. 48 (D. Mass. 1997) a case clearly distinguishable from the present as persuasively summarized by the Magistrate at pp.5-6 of her Report. The three additional cases cited in the opposition are also distinguishable.

In Spar, Inc. v. Information Resources, Inc., 956 F.2d 392, 394, 395 (2nd Cir. 1992) the plaintiff filed suit in New York Supreme Court claiming the defendant tortiously interfered with plaintiff's employee. Suit was commenced five years after the employee gave notice that he was leaving the plaintiff's employment and well after the three year New York statute of limitations barred the action. The defendant subsequently removed the action to the United States District Court for the

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

Southern District of New York and moved to dismiss arguing that New York's three year statute of limitations barred the action. The plaintiff cross-moved to transferred the action under 28 U.S.C. § 1406(a) to Illinois where it contended a longer statute of limitations would enable it to pursue its case on the merits. The court denied the motion to transfer and dismissed the case.

On appeal the circuit court giving due deference to the lower court's denial of plaintiff's request to transfer, affirmed the original dismissal of the complaint focusing on the plaintiff's lack of good faith through failure to pursue its claim diligently and to research the New York statute of limitations. Under those circumstances the court did not find it to be in the interests of justice as not only had the statute of limitations run in New York before the action was commenced but it was probable that the action was barred by the more generous Illinois statute. Spar, 956 F.2d at 393-395.

In the present case, the plaintiffs filed their action in this Court well before, not after, the three year statute of limitations in both Massachusetts and New Mexico. By the time the defendant has answered the complaint and filed a motion to dismiss the action for lack of personal jurisdiction the statute had run. This is typical of the problem which gave rise to the enactment of § 1406(a), to avoid injustice resulting to plaintiffs from dismissal of their action. Goldlawr, Inc., at

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

369 U.S. at 466.

The plaintiff also cites Cote v Wadel, 796 F. 2d 981 (7th Cir. 1986) as supporting denial of transfer in this case. Cote was a legal malpractice case brought by a client, a Wisconsin resident, against a Michigan lawyer and his law firm a Michigan corporation arising out of representation of the plaintiff in a medical malpractice action that occurred in Michigan. Neither the lawyer nor anyone else in his firm had any connection with Wisconsin. The Court upheld the lower court's denial of the motion to transfer finding no clear abuse of discretion, underscoring that elementary procedure would have indicated to the plaintiff's lawyer "that he should file a protective suit in Michigan because there was only a slight probability of obtaining personal jurisdiction in Wisconsin". The Court distinguished Cote from cases where the plaintiff has accidentally filed suit in the wrong district. Cote, 796 F.2d at 984, 985.

Unlike the plaintiffs in the Pedzewick, Spar, Inc. and Cote, cases cited by the defendant, the plaintiffs here did not act to evade the statute of limitations nor is this a situation where there was only a slight probability of obtaining personal jurisdiction over the defendant who operates a franchise of Holiday Inn Express with hotels in Massachusetts. Affiliation with Holiday Inn Express permits the defendant to reach out to a

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

national market including Massachusetts travelers like the plaintiffs. (See cases cited in Magistrate's Report, Section III at pp. 7,8).

The fourth case cited by the defendant in support of its lack of good faith argument is also plainly distinguishable from the present case. Nichols v. G.D. Searle & Co., 991 F.2d 1195, (4th Cir. 1993) was a product liability case brought in Maryland district court by multiple plaintiffs against G.D. Searle & Company, a manufacture of intrauterine devices (IUDs) with a principal place of business in Illinois. None of the plaintiffs were Maryland residents and the case had been pending in Maryland over a period of five years forcing the defendant to incur substantial costs before it was dismissed for lack of personal jurisdiction.

The Appeals Court held that the lower court did not abuse its discretion when it denied the plaintiffs' motion to transfer the case pursuant to 28 U.S.C. §1406(a), because the plaintiffs' attorney could reasonable have foreseen that the forum in which he filed was improper. In a footnote to the opinion, the court in Nichols 991 F.2d 1202 emphasized:

> We do not imply that a district court would necessarily err by granting a plaintiffs' motion to transfer an action that the plaintiffs' attorney filed in the wrong court because of an obvious error. Our holding is only that when the plaintiffs' attorney has committed an obvious error and the district court does not find that

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

> transfer would serve the interest of justice, we will not disturb its exercise of discretion.

There is no dispute that this Court may use its own discretion in finding a case transferable to another district where personal jurisdiction exists without question, if it finds such transfer to be "in the interests of justice".

The plaintiffs, Mr. and Mrs. Dindio, have met their burden of showing their request for transfer is in the interests of justice as this action was brought in Massachusetts against a defendant operating a franchise of an iconic national chain of hotels which benefits from the good will created by advertising on a national basis and reaching out to travelers nationwide including those from Massachusetts. Wronikowski v. General Hotels Corp., 716 F.Supp. 5,6 (E.D. Mich. 1989).

There was a reasonable basis to believe that personal jurisdiction existed against the New Mexico corporate defendant and the action was brought before the statute of limitations had expired.

There is no prejudice to the defendant as a transfer to New Mexico where the defendants hotel is located and where the incident occurred would be a more convenient forum. Both prior and subsequent to filing the lawsuit, plaintiffs' counsel has continued communications with the defendant's insurer concerning settlement, damages and liability. This is a serious personal

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

injury claim with medical damages exceeding $125,000.00 and supported by New Mexico common law. (See Affidavit of Pamela B. Marsh in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiffs' Motion to Transfer).

B. The Motion to Dismiss

If this motion is transferred pursuant to 28 U.S.C. §1406(a) the Court can deny the defendants Motion to Dismiss for lack of personal jurisdiction as moot. (See, Magistrate's Report, on p. 9). In the alternative, the plaintiffs request to take additional discovery on the issue of the defendant's contacts with Massachusetts and ask the Court to hold its decision on the motion to dismiss in abeyance to allow plaintiffs time to do so. Without such opportunity the plaintiffs would be deprived of the chance to reach the merits of their case.

III. Conclusion

For the reasons set forth above, the plaintiffs respectfully request the Court to adopt the recommendations set forth in the Conclusion (IV) of the Magistrate's Report.

Plaintiffs,
By their attorney,

Pamela B. Marsh BBO#321540
Quirk, Chamberlain & Marsh, P.C.
99 Willow Street
P. O. Box 40
Yarmouthport, MA 02675-0040
(508) 362-6262

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

DATED: May 5, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROSARIO J. DINDIO AND )
MARY O. DINDIO )
PLAINTIFFS )
)
VS ) CIVIL ACTION NO. 03-12425 NG
)
FIRST BABYLON, INC., )
d/b/a HOLIDAY INN )
EXPRESS )
DEFENDANT )

CERTIFICATE OF SERVICE

I, Pamela B. Marsh, hereby certify that I have this day mailed, postage prepaid, a copy of the foregoing:

1. Response of Plaintiffs to Defendant's Opposition To Magistrate's Report and Recommendation On Motion to Dismiss and Motion To Transfer to Another District; and

2. Certificate of Service.

to the foregoing attorney of record:

Mark A. Darling, Esquire
Cogavin and Waystack
Two Center Plaza
Boston, MA 02108

Plaintiffs,
By their attorneys,

Pamela B. Marsh BBO#321540
QUIRK, CHAMBERLAIN & MARSH, P.C.
99 Willow Street, P.O. Box 40
Yarmouthport, MA 02675
(508) 362-6262

QUIRK, CHAMBERLAIN & MARSH, P.C.
ATTORNEYS AND COUNSELLORS AT LAW
99 WILLOW STREET
POST OFFICE BOX 40
YARMOUTHPORT, MA 02675-0040
508/362-6262
FACSIMILE 508/362-6060

DATED: May 5, 2004